MARTIN S. GRAY, RESPONDENT, *v.* JAMES SEEBER, APPELLANT.

*Statute of limitations — a Supreme Court money judgment, when barred.*

In an action, commenced March 4, 1887, upon a money judgment recovered against the defendant in the Supreme Court, on November 17, 1873, the defendant contended that the judgment was barred by the ten years' limitation provided by section 388 of the Code of Civil Procedure.

*Held,* that this contention could not be maintained.

That a limitation of twenty years, in actions on judgments of the character therein mentioned, was specially prescribed by section 376 of the Code of Civil Procedure, and that section 388 thereof did not apply to such an action.

*Brush* v. *Hoar* (14 N. Y. Civ. Pro. R., 297; 15 N. Y. St. Rep., 860) followed.

APPEAL from a judgment, recovered upon a trial before the court at the Otsego Circuit, a trial by a jury having been duly waived, which was entered in the office of the clerk of the county of Otsego on the 9th day of August, 1888.

The action was brought upon a judgment against the defendant recovered in the Supreme Court, November 17, 1873, for $527.73. On April 20, 1885, it was assigned to the plaintiff. This action was commenced March 4, 1887. No part of the judgment has been paid. The defense relied upon was that the judgment was barred by the statute of limitations.

*Edick & Smith,* for the appellant.

*Barnum Bros.,* for the respondent.

MARTIN, J.:

The only question involved on this appeal is, whether an action upon a judgment for a sum of money, rendered in a court of record, may be maintained if brought within twenty years from the time the party recovering it was entitled to a mandate to enforce it or whether it must be commenced within ten years. The appellant contends that section 376 of the Code of Civil Procedure does not prescribe a limitation in actions upon such judgment, and hence that the ten years' limitation provided for by section 388 is made applicable to such an action.

Section 376 provides that such a judgment is presumed to be paid and satisfied after the expiration of twenty years, and that such presumption is conclusive, except in cases of part payment, or written acknowledgment of the amount, or some part thereof, by the person sought to be charged. Thus the question presented is whether section 376 is to be regarded as a statute of limitation specially applicable to actions on such judgments within the intent and meaning of section 388. The chapter in which these sections are found is entitled, "Limitation of the time of enforcing a civil remedy;" and section 378 provides that a party seeking to avail himself of the provisions of sections 376 may allege that such action was not commenced within twenty years, the time therein limited. When this whole statute is examined and its language and purpose considered, it becomes quite manifest that the legislature regarded section 376 as prescribing a special limitation in actions upon such judgments.

It is said there is a clear distincion between a presumption of payment and a statute of limitation. As an abstract proposition, that statement may perhaps be correct. It is doubtless true, that there may be presumptions of payment which are not statutes of limitation, but it does not follow that a presumption of payment created by statute may not constitute a statutory limitation of the time within which an action can be maintained. That a statute like the one under consideration, which creates an artificial and conclusive presumption of the payment and satisfaction of a debt, is, in effect, a statute of limitation, cannot, we think, be successfully denied. A statute which declares that a judgment shall be conclusively presumed to be paid and satisfied after the expiration of twenty years as effectually bars the remedy to enforce it, and as absolutely limits the time within which a recovery may be had thereon, as would a statute which provided that no action could be maintained thereon unless brought within that time.

Moreover, such statutes have always been regarded as statutes of limitation. In Morey v. Farmers' Loan and Trust Company (14 N. Y., 308), Judge WRIGHT, in speaking of a similar statute, says: "It is, in effect, a statute of limitations merely," and he repeated the same statement in Lawrence v. Ball (id., 480). In Johnson v. Albany and Susquehanna Railroad Company (54 N. Y., 427), it was said

that the statute of limitations was "entirely like the statute giving the presumption of payment in respect to a ·sealed obligation after twenty years." In *Fisher* v. *Mayor* (67 N. Y., 79), Judge ANDREWS speaks of such a statute as a statute of limitations. In *Diefenbach* v. *Roch* (21 N. Y. St. Rep., 573), Judge EARL refers to section 376 as a statute of limitation. Without multiplying instances where this and similar statutes have been spoken of and treated as statutes of limitation, we think it may be safely said that the general, if not universal, understanding of the profession, as well as of laymen, is, and has been, that such a statute is a statute of limitation and is generally spoken of and designated as such.

We can perceive no good reason for holding otherwise than that a limitation of twenty years in actions on judgments of the character therein mentioned is specially prescribed by section 376, and that section 388 does not apply to such an action. It was so held in *Brush* v. *Hoar* (14 N. Y. Civ. Pro. R., 297; S. C., 15 N. Y. St. R., 860), and we see no reason why we should not follow the authority of that case.

As the correctness of the decision of the trial court is challenged only on the ground that the plaintiff's judgment was barred by the ten years' statute of limitation, it follows that the judgment should be affirmed.

MERWIN, J., concurred.

HARDIN, P. J.:

According to the provisions of section 376 of the Code of Civil Procedure, "after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it" a judgment "is presumed to be paid and satisfied." By the use of the word "satisfied" it is apparent that after the lapse of twenty years the conclusive presumption mentioned in that section, in effect, discharges the record of the judgment.

Section 378 expressly provides how the presumption referred to in section 376 may be availed of, to wit: By "an allegation that the action was not commenced or that the proceeding was not taken within the time therein limited." By the use of the expression "time therein limited" it is inferable that the legislature intended

by section 376 to limit the right of recovery to the period mentioned in section 376.

Section 381 expressly limits the time to twenty years for an action upon a sealed instrument. And in section 382 it provides limitations within six years, for actions upon contract, obligation or liability expressed or implied ; words are inserted excluding from the operation of that section " a judgment or sealed instrument." Thus inferentially assuming that provision had been made limiting the right of action in respect to judgments and sealed instruments. The limitation prescribed by section 376 being " specially prescribed " as to judgments in courts of record, section 388 is not applicable thereto. This construction seems to be favored by the comments of Mr. Throop, and in referring to the mode of pleading he says : " The allegation should be, *as in other cases of limitation*, that the action was not commenced with twenty years." He then adds : " To remove any possible doubt on the subject section 378 has been added." (See note to section 376.)

*In the Matter of Kendrick* (107 N. Y., 107), it was assumed by the Court of Appeals that the time within which an action could be brought upon a judgment was twenty years. In the course of the opinion in that case RAPALLO, J., uses the following language : " More than twenty years had then elapsed after the recovery of the judgment, and the statutory presumption of payment had then attached. It is not claimed that any payment had been made, or acknowledgment of a continuing indebtedness given, before such presentation, *and the claim being then barred by the statute*, no acknowledgment or new promise made by the administrator after it had become *thus barred* would, if made, have been available to revive the debt against the other creditors or the next of kin of the intestate."

This language, as well as the further language of the opinion, indicate very clearly that the Court of Appeals assumed the limitation to be twenty years. These views, as well as those expressed in the opinion of brother MARTIN, lead me to favor an affirmance of the judgment.

Judgment affirmed, with costs.