(18 App. Div. 155.)

## BATH GASLIGHT CO. v. CLAFFY.

(Supreme Court, Appellate Division, Second Department.   May 21, 1897.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—LACHES.

 Defendant, who was sued in New York as surety on a lease made by plaintiff, a foreign (Maine) corporation, of premises in New York, pleaded that the lease was ultra vires under the law of Maine.   A judgment for plaintiff was affirmed by the court of appeals on the ground that the law of Maine did not appear by the record, and that, therefore, the law of New York would be applied.   After the affirmance defendant moved for a new trial on the ground of newly-discovered evidence consisting of an opinion of the supreme court of Maine.   The opinion was delivered in August, 1893. The action against defendant was tried in March, 1893, and the appeal to the general term of the supreme court was argued in September, 1893. Defendant's attorney knew of the Maine decision before the hearing at general term, which was about three years before he moved for a new trial.   Defendant was a director and large stockholder of the lessee.   *Held*, that the motion was properly denied on the ground of laches.

Appeal from special term, Kings county.

Action by the Bath Gaslight Company against John Claffy and others.   From an order denying a motion for a new trial on the ground of newly-discovered evidence, defendant Claffy appeals.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

L. Laflin Kellogg, for appellant.

James McKeen, for respondent.

WILLARD BARTLETT, J.   The purpose of this action, so far as the appellant is concerned, was to enforce his liability as a surety for the faithful performance on the part of the lessee of the covenants contained in a lease between two Maine corporations.   His defense was that the lease was void because made without legislative authority.   In this defense he failed.   The case went to the court of appeals, and the facts are fully set out in the opinion of that court. Gaslight Co. v. Claffy, 151 N. Y. 24, 45 N. E. 390.   It was held that the doctrine of ultra vires was not available to defeat the action for past-due rent under the lease, in view of the fact that the lessee had occupied and enjoyed the leased property.   On the part of the appellant it was argued in the court of appeals that the contract was a Maine contract, and that under the law of that state the lease was void, so that no action could be maintained upon it.   In reference to this argument, Andrews, C. J., said:

"It is a sufficient answer to this claim that the law of Maine on the subject does not apear by the record, and that it is the duty of this court, therefore, to determine the case according to the law of New York, as established, or, in the absence of controlling authority, as justice, having regard to all interests, may seem to the court to require."

After the affirmance of the judgment against him in the court of appeals, the appellant now comes back to the supreme court, and asks for another trial on the ground of newly-discovered evidence. This evidence consists of an opinion of the supreme court of the state of Maine in the case of Brunswick Gaslight Co. v. United Gas, Fuel & Light Co., 85 Me. 532, 27 Atl. 525, which was announced on August

11, 1893. The learned counsel for the appellant insists that it is a controlling authority in favor of the defense relied upon by the defendant Claffy, and that, if it had been a part of the record in this case, there could have been no recovery by the plaintiff in the present action. Whether this view of the effect of the Maine decision be correct or not, we do not deem it necessary to determine. We are of the opinion that the application was properly denied by the learned judge at special term on the ground of laches, and that his refusal to grant the motion should be sustained on that ground. In no sense can the Maine decision be regarded as recently discovered evidence. The appellant, in his moving affidavit, says that the reason this decision was not offered on the trial of the case was that it was not made until after the trial, "and has been discovered since." The affidavit of the attorney for the plaintiff, however, shows that the decision was well known to the attorney for the appellant shortly after it was rendered. The dates leave no doubt on this point. This action was tried on March 24, 1893. The Maine case was decided on August 11, 1893. The appeal to the general term from the judgment in the present action was argued in Brooklyn in September, 1893; and upon that appeal Mr. Kellogg submitted to the court a printed copy of the opinion in the Maine case, which is now relied upon as newly-discovered evidence. It thus clearly appears that its existence was known to him more than three years before he made the present motion for a new trial. Such laches as this cannot be disregarded, unless under the most exceptional circumstances. Due diligence required that, if the appellant desired the benefit of the Maine decision as evidence in the case, he should move promptly after he learned that it had been handed down, and not lie still, waiting to see whether he could not succeed at the general term, or in the court of appeals, without it, before making his motion. We do not say that cases could not occur in which as great a delay as this might not be excused. If, for example, the appellant here had no interest whatever in the lessee corporation which enjoyed the fruits of the lease, and then sought to avoid paying for them, it might operate too harshly to refuse him an opportunity to lay the Maine decision before the court on a new trial. But the appellant was not merely a surety. He was a director and one of the original shareholders of the lessee corporation, owning 450 shares of the 2,250 shares of stock first issued. As such shareholder, the lease upon which he is now seeking to avoid liability was personally beneficial to him, and there is no consideration of justice or equity which requires the application in his case of any more favorable rule than that laid down in the prevailing opinion in the court of appeals. As is said in that opinion:

"To permit a lessee of a corporation to escape the payment of rent by pleading the incapacity of the corporation to make the lease, although he has had the undisturbed enjoyment of the property, would be, we think, most inequitable and unjust."

The order appealed from must be affirmed, with $10 costs and disbursements. All concur.