VAN BRUNT, P. J., PATTERSON and INGRAHAM, JJ., concurred.

Motion denied.

---

In the Matter of the Judicial Settlement of the Account of GILMORE CLARKE and MARSHALL CLARKE, as Executors, etc., of DAVID CLARKE, Deceased.

GILMORE CLARKE and MARSHALL CLARKE, as Executors, etc., of DAVID CLARKE, Deceased, Appellants; ALBERT W. SEAMAN, as Trustee of the Estate of ELIZA EAGLE, Respondent.

*Claim rejected by executors — proof required of its existence and amount.*

Where a claim against the estate of a decedent, arising out of deficiency judgments recovered against the decedent in his lifetime, is rejected by the executors and a notice thereof is served on the claimant, the latter, upon the executors' accounting, is obliged to establish the existence of the claim and the amount due thereon in the ordinary way.

APPEAL by Gilmore Clarke and another, as executors, etc., of David Clarke, deceased, from a decree of the Surrogate's Court of the county of New York, entered in the office of said surrogate on the 10th day of November, 1899, settling their accounts, and also from an order entered in said office on the 8th day of January, 1900, amending said decree.

*Leopold Leo,* for the appellants.

*Sol. Kohn,* for the respondent.

RUMSEY, J.:

The respondent filed his petition on the 11th of July, 1898, in the Surrogate's Court of the county of New York, alleging that he was a creditor of David Clarke, deceased, and asking that the executors of his will be required to render an account as such. An order to show cause was made why a citation should not be issued. Upon the return day of the order to show cause one of the executors filed an affidavit which appears in the record, in which it was stated, among other things, that they did not admit the validity of the claim upon which the petitioner based his right to an accounting. A citation, however, was issued and the account was filed.

By that account it appeared that the executors had paid to the legatees under the will of David Clarke something over $17,000; and that they had left in their hands the sum of $6,893 for distribution. It further appeared that on the 7th of July, 1898, the executors had received from Albert W. Seaman, as trustee of Eliza Eagle, a claim held by him against the estate of their testator for $17,872.17, with interest from June 20, 1880, which claim was alleged to arise out of six different judgments of deficiency which had been docketed against Clarke in his lifetime. It was further stated in the account that on the 22d of August, 1898, the executors duly rejected said claim and served a notice thereof on the attorney for Seaman. Seaman filed objections to the account, insisting that the judgments held by him were valid claims against the estate, and that the payments to the legatees under the will should not be allowed. Upon this petition a supplemental citation was issued to the legatees who had received these payments, and they were brought into the litigation. After that had been done a hearing was had before the surrogate. No evidence was offered by either party upon that hearing, but the matter seems to have been presented to the surrogate upon the papers used to procure the citation, and the account and the objections. No proof was given by Seaman of the existence of the judgments, nor was the fact that those judgments had been recovered established in any manner or attempted to be established.

The surrogate, however, made a decree on the 10th of November, 1899, in which it was adjudged that the objections of Seaman to the account be sustained; the payments to the legatees were disallowed; there was found to be in the hands of the executors a balance of $24,025.48, of which balance, after retaining a sufficient sum for their commissions and expenses, they were directed to pay to Seaman, as trustee, upon his judgments the sum of $23,499.90, the amount of those judgments being established by the decree at $38,782.60. No findings of fact or conclusions of law seem to have been made at that time, but subsequently, and on the 2d of April, 1900, the surrogate filed his decision reciting that no proof had been made before him on the hearing, but finding the judgments and the accounts due upon them, and establishing the account in accordance with the decree which had been theretofore entered. An appeal was thereupon taken from the decree in which it is sought to bring up for review certain intermediate orders made by the surrogate. The only question presented is whether the surrogate erred in establishing the judgments in favor of Seaman, without any proof having been made by Seaman of the existence of those judgments.

It is claimed on the part of the appellants that when the claim was rejected by them, the duty was placed upon the claimant to establish the existence of his debt either by an action or a reference, or upon the final accounting. It is claimed on the part of the respondent that the judgments are practically admitted by the papers, and that the only question raised by those papers is whether or not the judgments were paid or in some way have ceased to be charges against the estate of the testator.

In considering the case it is necessary to bear in mind that the decree was made on the 10th of November, 1899, and that, although an application was made by the executors after that time to reopen the decree, yet the papers used on that application were not before the surrogate when the decree was made and cannot be referred to as proof of admissions of the facts upon which the decree was based, if, indeed, they can be said to be admissions at all. The question is whether, at the time the decree was entered, there was proof before the surrogate which would warrant the finding of the existence of those judgments.

That question we think must be answered in the negative. Sea-

man had alleged that the judgments existed and that a certain amount was due upon them. Upon that claim being made to the executors, they had rejected it, and the fact of that rejection appeared in the account which was filed, and all that appeared about it was that it had been rejected. No reason was given for the rejection, nor was any suggested, nor was there any admission that the judgments existed, but the issue between the parties stood clearly upon the claim made by Seaman upon these judgments and the answer of the executors that the judgments were not admitted. Whatever proof there may have been of the existence of those judgments was not before the Surrogate's Court. There was nothing in the papers which could be referred to to give any information about them. When, therefore, the case came before the surrogate there was nothing to show that the judgments had ever been recovered or what was due upon them if they had been recovered, and the case is entirely barren of anything to authorize the surrogate to establish them. It is hardly necessary to say that, when a claim has been presented to executors and has been rejected, there then is put upon the claimant the duty of establishing it either by a reference or in an action, or upon the judicial settlement of the accounts of the executors. Unless that is done within the time prescribed by the statute, the right of the claimant ceases. This proposition is not denied by the respondent, but he insists that the papers contained an admission that those judgments had been recovered and still existed. But we do not so understand the case. We can only say that, when the claim was rejected, as appears in this case, there was then put upon the claimant the duty of establishing in the ordinary way the existence of the claim and the amount due upon it, and, until that was done, it was error for the surrogate to find that it existed.

For these reasons the decree of the surrogate must be reversed and the matter remitted to him for a further hearing, with costs and disbursements to the appellant to abide the event.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred.

Decree reversed and matter remitted to surrogate for further hearing, with costs and disbursements to appellant to abide event.