SEAMAN v. CLARKE et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

1. PLEADING—AMENDMENT OF ANSWER—DEFENSE CHANGED—STATUTE.

Under Code Civ. Proc. § 376, providing that a final judgment or decree for money is presumed to be paid and satisfied after the expiration of 20 years from the time when the party recovering was first entitled to a mandate to enforce payment, and section 378, declaring that a person may avail himself of the presumption thus created under an allegation that the action was not commenced within the time limited, it was error to allow an answer to be amended in an action on a judgment by changing the allegation that the cause of action had not accrued within 20 years before the commencement of the action, to an allegation of payment in general, since such amendment changed the defense, which is prohibited by section 723.

2. STATUTE OF LIMITATION—TIME FROM WHICH RECKONING.

Under Code Civ. Proc. § 398, declaring that an action is commenced, within any provision of the act, which limits the time for commencing an action, when the summons is served, the conclusive presumption of the payment of a final judgment arising after 20 years, as provided by section 376, should be determined from the time the summons was served, since such section is a part of the act referred to in section 398.

3. SAME—FORECLOSURE—DEFICIENCY JUDGMENT—WHEN TIME BEGINS TO RUN.

Where foreclosure judgment and sale was entered in 1879, but the deficiency judgment was not entered until 1880, the 20-year period of limitation did not begin to run until the judgment had been perfected by the docketing in 1880, under Code Civ. Proc. § 376.

Appeal from trial term, Nassau county.

Action by Albert W. Seaman, as trustee of the estate of Eliza Eagle, deceased, against Gilbert Clarke and another, as executors of the will of David Clarke, deceased. From a judgment dismissing plaintiff's complaint on the merits, after having previously directed a judgment in plaintiff's favor, he appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Solomon Kohn, for appellant.
Leopold Leo (Robert P. Orr, on the brief), for respondents.

WOODWARD, J. This action was begun on the 6th day of June, 1900, by the service of the summons, and was followed by the complaint, which was served on the 25th day of July. Defendants answered on the 7th day of August, 1900. The action was brought to recover upon six judgments for deficiency, aggregating $17,-872.17, entered in favor of Jabez Hazzard, as trustee, plaintiff's predecessor, against David Clarke, defendants' testator. The judgments of foreclosure and sale bear date July 5, 1879, the judgments for deficiency were docketed on June 8, 1880, and the present action was brought, as stated above, on June 6, 1900, or 2 days before the expiration of the 20 years which, under the provisions of section 376 of the Code of Civil Procedure, raises the presumption of payment, which presumption is conclusive, except under conditions concededly nonexisting in the case now before us. The answer sets up, in effect, three defenses,—the statute of limitations from the 6-months period to that of 20 years, payment, and an alleged

agreement between mortgagor and mortgagee that no deficiency judgment was to be entered. This latter defense does not appear to have been seriously insisted upon, and at the close of the evidence the learned court denied the motions of the defendants to dismiss the complaint, and directed a verdict for the plaintiff for the full amount of the claim, there being no dispute upon this point. The grounds of defendants' motion were "that there is upon the evidence a presumption of payment of the several judgments set up in the complaint, and that the plaintiff has not shown either a payment on account within the statutory period, or an acknowledgment, such as is provided for in section 376 of the Code of Civil Procedure"; and that "the evidence shows a presentation of these claims to the executors and a rejection of them, and that no action was brought within six months, as provided for by section 1822 of the Code of Civil Procedure, and that there was no stipulation to refer, and no action brought, and no stipulation that the surrogate might determine the question upon the accounting." After the court had directed a verdict, counsel for defendants moved for a new trial upon the minutes, the court reserving decision of this motion. Subsequently the court directed an order amending defendants' answer so as to make the allegation of payment general instead of being restricted to the time of commencement of the action, and vacating the verdict directed in favor of the plaintiff, at the same time directing the clerk of the court to enter judgment in favor of the defendants upon the merits, with costs and disbursements, including $2,000 special allowance, on "the ground that the plaintiff failed to prove either a payment upon account or an acknowledgment of indebtedness such as is provided for in section 376 of the Code of Civil Procedure prior to the service of the answer herein, and upon the ground that, upon the conceded facts, a conclusive presumption of payment arose prior to the service of the defendants' answer."

Without inquiring into the question whether the trial court, upon a motion for a new trial, may go back and reconsider its determination of a motion to dismiss the complaint, and render a judgment absolute in favor of the defendant upon the merits, making an allowance and denying the plaintiff an opportunity to make a motion for a new trial, we will pass directly to the merits of the question presented by this appeal. The learned trial court has evidently read into section 376 of the Code of Civil Procedure a provision new to the jurisprudence of this state, and, if it has correctly understood the law, then all that is necessary for a judgment debtor is to get his time for answering extended from time to time, until the statutory period has expired, and then, by the simple process of an amendment of his answer, to meet his creditor with a conclusive presumption of payment. Section 723 of the Code of Civil Procedure provides that:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading, or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name

of a party, or a mistake in any other respect, or by inserting an allegation material to the case; or, where the amendment does not change substantially the claim or defense, by conforming the pleading or other proceedings to the facts proved."

But all of these are subject to the restriction that they must be "in furtherance of justice," and they may not be invoked in aid of a presumption to further injustice. The learned trial court concedes that under the pleadings as they stood, which alleged that the cause of action stated in the complaint "did not accrue within twenty years before the commencement of this action," the defendants had failed to establish a defense; but it seems to suppose it was authorized to amend the pleadings so as to make them conform to the proof, and that, the 20 years having expired before the defendants made answer, the presumption of payment was complete at that time, and a general allegation of payment would meet the requirement. But this clearly changes substantially the defense. It gives the defendants a defense where they had none, and, what is more, where none was contemplated by the law; for the rights of the parties are to be determined as of the day of the commencement of the action. This was the theory of the pleadings. It was the theory on which the defendants tried the action; their contention being that the period of 20 years began to run from the entry of the judgment of foreclosure and sale in 1879, instead of from the time of the docketing of the deficiency judgment in 1880. Section 398 of the Code of Civil Procedure provides that:

"An action is commenced against a defendant, within the meaning of any provision of this act, which limits the time for commencing an action, when the summons is served on him."

And if section 376 of the Code of Civil Procedure, which is a part of the act referred to, is a statute of limitations, as we believe it to be, there can be no question that the controversy must be determined, not as of the time of the answer, but of the commencement of the action. This view of the question is supported by section 378 of the Code of Civil Procedure, which declares that:

"A person may avail himself of the presumption created by the last section but one [376] under an allegation that the action was not commenced, or that the proceeding was not taken within the time therein limited."

He is not permitted to plead generally that the debt is paid, thus speaking as of the date of the answer, but he must plead that the "action was not commenced * * * within the time therein limited"; and, if the defendant may not plead this in the first instance, we know of no rule which would permit the court to enlarge his defense by amendment. There are no presumptions in favor of a presumption; the facts from which a presumption arises must be clearly established; and, if the plaintiff had a cause of action against the defendants on the day that the summons was served, the controversy must be determined of that date. A cause of action is property (Hein v. Davidson, 96 N. Y. 175, 177); and to take this property from the plaintiff by means of an amendment of defendants' answer in a manner and form which the defendants themselves could not have done in the first instance is to deprive him of his

property without due process of law, in disregard of section 6 of article 1 of the constitution. "Due process of law" has been held, under the liberal interpretation given these words by the courts, to protect the life, liberty, and property of the citizens against acts of mere arbitrary persons in any department of government (Bertholf v. O'Reilly, 74 N. Y. 509, 519, and authority cited); and there can hardly be a question that the amendment of an answer in the manner attempted by the learned court below comes within the definition of an arbitrary act, and it is the more objectionable, as it is done in aid of a presumption. If the court could amend the answer so as to speak as of the time of the service of the answer, it could in a like manner amend it so as to speak as of the date of the trial, so that the cause of action of the plaintiff might be defeated, although he might have commenced his action a year, or even 2 years, before the expiration of the 20 years, if the defendant could succeed in delaying the trial. See section 723 of the Code of Civil Procedure. In our opinion, the question is not whether, at the time the answer was served, "more than twenty years had elapsed from the time the plaintiff was first entitled to a mandate to enforce the judgments sued upon," to quote the language of the learned trial court, but whether, at the time of the commencement of the action, the 20 years had expired. The learned court does not suggest that such was the case, the evidence will not support such a conclusion, and we are forced to conclude that it was error to amend the answer to conform to the proofs under such circumstances, and that the only question proper to be determined by the trial court was whether a new trial should be granted or denied.

If we consider section 376 of the Code of Civil Procedure in connection with other sections, we shall discover that it was the intent of the legislature to provide, not only a statute of limitations, but one which should determine other matters as well. It is provided by the section mentioned that:

"A final judgment or decree for a sum of money, or directing the payment of a sum of money, heretofore rendered in a surrogate's court of the state, or heretofore or hereafter rendered, in a court of record within the United States or elsewhere, or hereafter docketed pursuant to the provisions of section thirty hundred and seventeen of this act, is presumed to be paid and satisfied, after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it."

A mandate, in practice, is a judicial command or precept issued by a court or magistrate, directing the proper officer to enforce a judgment, sentence, or decree (2 Bouv. Dict. [2d Ed.] 117); and an execution is defined by Wait as a "judicial writ founded on a judgment obtained in a civil action, and issued in behalf of the party recovering the judgment, for the purpose of carrying it into effect" (4 Wait, Prac. p. 1). The same authority (page 2) says that it "is only actual final judgments that may be enforced by execution. A mere order for judgment, although judgment may afterward be perfected thereon, will not authorize the issuing of an execution." With reference to a deficiency judgment, it is evident that the entry of a judgment of foreclosure and sale would not authorize the man-

date referred to in section 376, because, under the provisions of section 1368 of the Code of Civil Procedure, it is necessary that the execution should "specify, in the body thereof, the sum recovered, or directed to be paid, and the sum actually due when it is issued." These facts could not be ascertained in the judgment of foreclosure and sale, and until they are determined the execution cannot issue, and we are forced to conclude, therefore, as practically admitted upon the trial, that the 20-year period did not commence to run until the deficiency judgment was perfected, which was on the 8th day of June, 1880. But an execution upon such judgment may not be issued after a period of 5 years, except where an execution was issued within that period and returned wholly or partly unsatisfied or unexecuted, or by virtue of an order of the court (section 1377); and it was one of the purposes of section 376 to provide a time when this discretionary power on the part of the court should cease. It applies, in a like manner, to foreign judgments, and it fixes a time when they shall be presumed to have been paid, so that they may not be sued upon in our courts. If the section under consideration had simply provided in the language of the ordinary statute of limitations, it would have put no limit upon the life of a judgment, and the courts might have gone on perpetually issuing executions upon judgments which it is the policy of the state to limit in operation. In Gray v. Seeber, 53 Hun, 611, 6 N. Y. Supp. 802, 917, affirmed in (N. Y. App.) 23 N. E. 120, the court had section 376 of the Code of Civil Procedure under consideration, and held, after a review of the authorities, that:

"A statute which declares that a judgment shall be conclusively presumed to be paid and satisfied after the expiration of twenty years as effectually bars the remedy to enforce it, and as absolutely limits the time within which a recovery may be had thereon, as would a statute which provided that no action could be maintained thereon unless brought within that time."

The authority of this case has never been questioned, so far as we are able to discover. We are of opinion that the legislature contemplated section 376 as a statute of limitation, and that the pleading provided by section 378 is the only one which may be availed of by the defendants.

It seems to be equally clear, as already pointed out, that the statute begins to run only from the perfection of the deficiency judgment. Upon this point the discussion of the case of Barnard v. Onderdonk, 98 N. Y. 158, 167, is instructive, and in harmony with the observations made above. See Association v. Read, 124 N. Y. 189, 194, 26 N. E. 347.

It does not seem to be necessary to discuss the suggestion that the 6-months statute of limitations has any relation to this controversy. The learned trial court denied a motion to dismiss the complaint upon the ground covered by section 1822 of the Code of Civil Procedure, and its subsequent action in no wise disturbed the conclusion reached upon this point, which is in harmony with McNulty v. Hurd, 72 N. Y. 518, 521, and could not be used, under any circumstances, to sustain the judgment now on appeal, which was directed upon other grounds.

We are of opinion that the decree of the surrogate was conclusive upon the question of the amount due on the judgments (section 2743, Code Civ. Proc.); and the fact that the decree has since been reversed cannot be taken notice of on this appeal. In fact, this question was disposed of on the trial, and it could not be of use in support of the disposition which the court has made of the question upon another point. But, if it may be considered here, the reversal is based upon the proposition that the plaintiff failed to show to the surrogate that there were, in fact, any judgments in existence. The language of the court is:

"The question is whether, at the time the decree was entered, there was proof before the surrogate which would warrant the finding of the existence of those judgments. That question, we think, must be answered in the negative." In re Clarke, 57 App. Div. 430, 432, 68 N. Y. Supp. 243.

If we assume the judgments to be in existence,—and the case at bar appears to have proceeded upon that theory,—it will not be difficult to establish this fact upon the further hearing which is directed before the surrogate, and the matter will be left where it was at the time of the trial. But this is purely incidental. The decree of the surrogate could give no new life to the judgments. It went no further than to determine that no payments had been made up to the time of the decree. But the real issue, in so far as this appeal is concerned, is whether the defendants' answer can be amended so as to speak as of the date of the answer, instead of as of the date of the commencement of the action; and upon this point we are of opinion, as already stated, that it cannot.

Order setting aside verdict directed by the court reversed, and judgment directed for the plaintiff, with costs. All concur.