(75 App. Div. 345.)

### SEAMAN v. CLARKE et al.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. New Trial—After Appeal.

Where the trial justice directed judgment for plaintiff, but afterwards gave judgment for defendants, but on appeal to the appellate division the judgment was reversed, and the judgment for plaintiff reinstated, and motion to modify the judgment so as to allow of a new trial was denied, the court at special term may not grant a new trial, without new facts being shown.

2. Same—Affidavits.

The affidavits for a new trial for evidence, made admissible by the reversal of a judgment which operated as an estoppel at the first trial, should disclose what the evidence is.

3. Same—Prompt Action.

Where judgment is rendered for defendant on the ground of limitations, notwithstanding the exclusion of evidence, by reason of a decree operating as an estoppel to show payment, but the decree is reversed before settlement of the case on appeal by plaintiff, defendant should not delay application to be allowed to show the payment till after appeal by the plaintiff to the appellate division, where the judgment is reversed, and defendant's subsequent appeal to the court of appeals.

4. Payment—Evidence.

That a mortgagor was permitted to occupy the premises as a tenant after foreclosure, and that at his death he left considerable property, does not tend to show payment of the deficiency judgment.

Appeal from trial term, Nassau county.

Action by Albert W. Seaman, trustee of the estate of Eliza Eagle, deceased, against Gilmore Clarke and another, executors of David Clarke, deceased. From a order setting aside two judgments entered

for plaintiff on affirmance by the appellate division, plaintiff appeals.. Reversed.

Sol. Kohn, for appellant.

Leopold Leo (Robert P. Orr, on the brief), for respondents.

HIRSCHBERG, J. The action was brought just before the expiration of 20 years to renew six deficiency judgments in foreclosure,. which had been recovered by the plaintiff's predecessor, as trustee,. against the defendants' testator. The defendants pleaded both the statute of limitations and actual payment. On the trial the learned trial justice directed judgment in favor of the plaintiff, but afterwards permitted an amendment of the defendants' answer, by which the operation of the statute of limitations was asserted as of the date of the answer, instead as of the date of the commencement of the action,. and thereupon gave judgment absolute to the defendants, dismissing the complaint upon the merits. On appeal the judgment was unanimously reversed by this court, and the judgment in favor of the plaintiff reinstated. Seaman v. Clarke, 60 App. Div. 416, 69 N. Y. Supp.. 1002. On appeal to the court of appeals the decision of this court was· unanimously affirmed. Seaman v. Clarke, 170 N. Y. 594, 63 N. E.. 1122. Subsequently at special term (the same justice presiding as· at the trial) the judgment so affirmed and a judgment entered for the costs of the appeal were set aside, and from the order setting them. aside this appeal is taken. The order does not, in terms, grant a new trial, but is limited to the destruction of the judgments.

The deficiency judgments were obtained on the foreclosure of six mortgages which David Clarke, the defendants' testator, had given to· Jabez H. Hazard, as trustee of the estate of Eliza Eagle, deceased, and they were entered on June· 8, 1880. Hazard died on January 22,. 1888, and the plaintiff was appointed his successor on February 11,. 1888. David Clarke died on December 13, 1896, and the defendants; were appointed and qualified as his executors January 29, 1897. This· action was commenced on June 6, 1900, and· the trial was had on September 28, 1900. The plaintiff, on the 10th day of November, 1899, had obtained from the surrogate's court of the county of New York· a decree requiring the defendants to pay the deficiency judgments so· far as there were funds of the estate applicable, and it was held both; at the trial term and on appeal that such decree conclusively established that the judgments had not been paid at the time of its entry.. The decree, however, was reversed pending the appeal, and before the· argument here (see In re Clarke, 57 App. Div. 430, 68 N. Y. Supp.. 243), but this court held that notice of that fact could not be then; taken, and that, if it could be, the fact was inconsequential upon the· record as presented (see Seaman v. Clarke, 60 App. Div. 423, 69 N. Y. Supp. 1002). But the learned trial justice had rejected an offer made· by the defendants upon the trial to prove certain facts in order to; establish a presumption of payment of the deficiency judgments, which; ruling was based upon the finding that, the surrogate's decree being· conclusive of nonpayment at the time of its entry, the offer would only· be material and proper as to facts occurring subsequently, and the·

order now appealed from has been granted on the theory that, the support of the ruling having been subsequently taken away by the reversal of the surrogate's decree, justice requires that the defendants should have an opportunity to litigate the fact of actual payment as established by the presumption to be drawn from the facts which were excluded on the trial. There was no attempt made upon the trial to prove payment except by circumstantial evidence, and the circumstances embraced within the offer then made were insufficient for that purpose. They will be considered in detail later. It is sufficient now to say that they were before this court on the determination of the appeal for the purpose of determining whether, on the reversal of the judgment, a new trial should be granted, and the conclusion reached was that the judgment directed by the trial court should be restored. Moreover, a motion was made by the defendants, after the decision of the appeal, for a reargument in this court upon the following, among other grounds stated in the notice of motion, viz.: (1) "That the court overlooked or misapprehended the fact that, in the event of a reversal of the judgment for defendants below, defendants are entitled to a new trial to establish their defenses of payment, of an agreement between plaintiff's predecessor and defendants' decedent that plaintiff's predecessor, as mortgagee, take the realty, the decedent to be free from further debt, and of accord and satisfaction"; and (2) "that the court overlooked or misapprehended the fact that, the decree of the surrogate of New York county of November 10, 1899, being reversed, leave should be granted here to defendants to apply at special term, in view of such reversal of said surrogate's decree, to be relieved from the judgment for plaintiff now ordered here." After due deliberation, the motion was denied. Seaman v. Clarke, 62 App. Div. 619, 70 N. Y. Supp. 1148. This was equivalent to an adjudication that, with the fact of the reversal of the surrogate's decree then legitimately before the court, the plaintiff was entitled to judgment upon the facts and rulings appearing upon the record. The subsequent affirmance by the court of appeals must be deemed an additional adjudication to the effect that upon the record the plaintiff was entitled to judgment absolute, and that the defendants were not entitled to a new trial upon the reversal of their judgment.

The power of the court at special term in a proper case and upon a proper showing to set aside a judgment and to order a new trial notwithstanding the judgment has been affirmed by both the intermediate and the ultimate appellate tribunals is undoubted. The power should never be exercised when its exercise is, in effect, the overruling of the determination of the higher courts. In this instance no new facts were presented at the special term, the motion being supported by only two affidavits, viz., an affidavit of merits and an affidavit of the defendants' counsel setting forth, in substance, that he was familiar with all the records and documents in the case, and had also familiarized himself with the dealings between the defendants' decedent and plaintiff's predecessor at the time of and after the entry of the judgments; adding, to quote his language, that: "I have also familiarized myself with the different facts and circumstances which appear in the statement of Mr. Leo, who has acted as counsel for defendants,

and which statements appear in the colloquy between the learned trial justice and said counsel in said case and exceptions as settled herein immediately after the motion to dismiss the complaint; and they are there stated as I have found them to be true from a very careful examination of the case." No witness was referred to. in the moving papers, no facts were referred to other than as already suggested and passed upon, and no statement was made tending to establish the existence of any witness to be produced upon a new trial by whom any material fact would be proven. The offer which was rejected upon the trial did not relate to any specific facts which would tend to prove payment of the judgments. They are included in the following, a portion of the colloquy referred to in the defendants' counsel's affidavit:

"The Court: Have you any evidence? Have you any witness you want to call and swear, and prove facts? Mr. Leo: I want to show that Mr. Clarke lived upon the premises in question as a tenant of Mr. Hazard, the trustee, immediately after this foreclosure, and for several years, and paid rent to him. The Court: No, I will not take that. Mr. Leo: I want to state what it is merely. Paid rent to him, and that in one instance Mr. Hazard made a payment to the deceased judgment debtor, if I may so call him; that Mr. Clarke continued in the same place to do business for several years; that then he moved to a place within two hundred and fifty feet of that point, and continued to do business there until he died; that he did a great deal of business; had considerable property; that no execution was ever issued upon these judgments; that these people dealt with one another, and upon the theory that this judgment was paid. The Court: You do not propose to show that you have paid any money to this plaintiff since the surrogate issued his citation? Mr. Leo: Not in the sense of showing that on a given day we paid any money. The Court: No; of any actual payment? Mr. Leo: No. Now, I want to introduce also the judgment roll in the case of Hazard against Ball, in which the accounts of the deceased, Hazard, were passed upon, showing what the property consisted of, and showing how these judgments are treated of as satisfied. Mr. Kohn: That was all prior to this, in 1888. The Court: Then I will exclude it."

As to the judgment roll in the case of Hazard against Ball, it is sufficient to say that it was not produced upon this motion. As to the general dealings of the parties upon the theory that the judgments were paid, the same criticism is applicable. Their nature and extent were neither disclosed at the trial nor now. The fact that the mortgagor was permitted to occupy the property as a rent-paying tenant in no manner tends to prove payment of the deficiency judgments; nor does the fact that Mr. Clarke was possessed of considerable property. Although he left some estate, there is nothing to show that he was possessed of it, or any part of it, during Mr. Hazard's lifetime; while during the nine years between the plaintiff's appointment and Mr. Clarke's death the plaintiff makes affidavit—which is undisputed—that nothing was paid to him, and that he knew nothing of the debtor's pecuniary circumstances. As was said by the court of appeals in Daby v. Ericsson, 45 N. Y. 786, 791:

"The offer to show the pecuniary ability of the defendant, and that since 1849 he had been possessed of a large property, did not tend, we think, to establish the plea of payment, and was properly overruled. If payment had been enforced by legal process, it could have been established by record evidence. * * * If the judgment had been paid, some evidence of the fact,

it may reasonably be supposed, would have been retained by the defendant, or the judgment would have been satisfied."

The case of Smith v. Frankfield, 77 N. Y. 414, is relied on by the defendants' counsel as authority for the proposition that, where a judgment has been obtained upon the efficacy of another judgment operating as an estoppel, the subsequent reversal of the latter judgment subverts the ground of the recovery of the former, and it is within the power and discretion of the court below to relieve the judgment debtor by vacating the judgment. In that case it was held that the motion for that purpose was in the nature of a motion for a new trial on newly discovered evidence. But it is well settled that such a motion must be founded on affidavits of the witnesses and of the facts to which they will testify. In re Cohen, 84 Hun, 586, 32 N. Y. Supp. 851, and cases cited. It must also be made promptly. Thompson v. Welde, 27 App. Div. 186, 50 N. Y. Supp. 618. Here the surrogate's decree was reversed before the settlement of the case on appeal, and the defendants could have moved then, instead of waiting until the two appeals were prosecuted to a termination. This court has said of a similar situation in Gaslight Co. v. Claffy, 18 App. Div. 155, 157, 45 N. Y. Supp. 433, 434:

"Due diligence required that, if the appellant desired the benefit of the Maine decision as evidence in the case, he should move promptly after he learned that it had been handed down, and not lie still, waiting to see whether he could not succeed at the general term or in the court of appeals without it, before making his motion."

The order should be reversed.

Order reversed, with $10 costs and disbursements. All concur.