### GRANNIS v. EWELL.

(Supreme Court, Appellate Term. May 17, 1912.)

COURTS (§ 189*)—JUDGMENT—LIMITATIONS.

 Municipal Court Act (Laws 1902, c. 580) § 262, which provides that a final money judgment is conclusively presumed to have been satisfied after 20 years unless sooner revived, being a statute of limitations and superseding Code Civ. Proc. § 382, providing that an action upon a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment in a court not of record shall be barred after 6 years, an action brought upon a Municipal Court judgment 14 years after its date was not barred.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

Appeal from City Court of New York, Trial Term.

Action by Elizabeth B. Grannis against James L. Ewell. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

David J. Gladstone, of New York City, for appellant.
Alfred W. Haywood, Jr., of New York City, for respondent.

GERARD, J.   This action was brought on a judgment rendered in favor of the plaintiff and against the defendant in the Municipal Court of the city of New York on the 29th day of April, 1898, and a transcript of which judgment was filed in the office of the county clerk on the next day.

. Nearly 14 years elapsed before the commencement of the present action, which was instituted on January 25, 1905, and on the close of the plaintiff's case the learned court below dismissed the complaint on defendant's motion on the ground that the action was barred by the statute of limitations, and the only question here is whether in this case the 6-year limitation or the 20-year limitation applies—that is, whether an action on this judgment of the Municipal Court, a transcript of which is filed in the county clerk's office—is governed by the rule of limitations in section 382, subd. 7, of the Code of Civil Procedure, or by section 262 of the Municipal Court Act; the contention of the defendant being that section 262 of the Municipal Court Act is not a rule of limitation, but a mere presumption of payment, and that, there being no period of limitation provided for in the Municipal Court Act, section 382 of the Code controls.   The portion of section 382 of the Code which is relevant to this action reads as follows:

"Within six years: * * * (7) An action upon a judgment or decree rendered in a court not of record, except when a transcript shall be filed pursuant to section 3017 of this act, and also except a decree heretofore rendered in a Surrogate's Court of the state, the cause of action in such a case is deemed to have accrued when final judgment was rendered."

The Municipal Court of the city of New York is not a court of record (Charter of the City of New York [Laws 1901, c. 466] § 1351), and section 3017 of the Code referred to in section 7, above set forth, refers to courts of justices of peace only.

It is claimed by the appellant that section 262 of the Municipal Court Act was intended as a statute of limitation.   By section 20 of the Municipal Court Act the provisions of the Code are made applicable to the Municipal Court only in cases where the Code provisions can be made applicable, and when not in conflict with the provisions of the Municipal Court Act, and, in case of conflict, the Municipal

Court Act, and not the Code, shall govern. Therefore, if section 262 of the Municipal Court Act is a statute of limitation, it supersedes any of the Code provisions relative to limitations which might otherwise be applicable to the Municipal Court.

Section 262 of the Municipal Court Act is as follows:

"A final judgment for a sum of money, or directing the payment of a sum of money heretofore or hereafter rendered and docketed in the office of a county clerk, as prescribed in this article, is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as against a person, who, within twenty years from that time, makes a payment or acknowledges an indebtedness of some part of the amount recovered by the judgment or decree or his heir or personal representative or a person whom he otherwise represents. Such an acknowledgment must be in writing and signed by the person to be charged thereby."

This section 262 of the Municipal Court Act is copied literally from section 376 of the Code; and, although section 262 of the Municipal Court Act has not been passed on, the similar Code section 376 has been construed by the courts, and it has been held that section 376 of the Code is a statute of limitation, and not a statute referring to a mere presumption of payment only. Gray v. Seeber, 53 Hun, 611, 6 N. Y. Supp. 802, 917; Seaman v. Clarke, 60 App. Div. 416, 69 N. Y. Supp. 1002, affirmed without opinion, 170 N. Y. 594, 63 N. E. 1122; Brush v. Hoar, 1 N. Y. Supp. 112; Morey v. Farmers' Loan & Trust Co., 14 N. Y. 302.

Defendant argues that because section 376 of the Code of Civil Procedure is found in a chapter headed, "Limitation of the time of enforcing a civil remedy," while section 262 of the Municipal Court Act is found in a chapter headed, "Execution," the two sections, although reading alike, should receive a different construction. It is true that in Gray v. Seeber, supra, the court in holding section 376 a statute of limitation referred to its position in this chapter of limitations, but it must also be noted that there is no chapter of the Municipal Court Act specially devoted to limitations.

It is argued by respondent with no little force that statutes of limitation do not destroy the cause of action, but merely bar the remedy, and that the owner of a judgment may not be entitled to sue on it, but may still issue execution on it (Townsend v. Tolhurst, 57 Hun, 40, 10 N. Y. Supp. 378; Rose v. Henry, 37 Hun, 397), and respondent's contention here is that an action on a Municipal Court judgment is barred after six years, but execution may issue on it for 20 years. We think, however, that, as section 376 of the Code has been several times held to be a statute of limitation, section 262 of the Municipal Court Act, which is similar to it, should be similarly construed.

The judgment is therefore reversed, and a new trial ordered, with costs to appellant to abide the event, with leave to respondent to appeal to the Appellate Division, First Department, upon filing the usual stipulation for judgment absolute. All concur.