HERMAN BRINKMAN, Respondent, *v.* JACOB CRAM, Appellant.

First Department, December 1, 1916.

Limitation of actions — action on judgment — expiration of twenty years — absence of judgment debtor from State — Code Civil Procedure, sections 376 and 401, construed.

Section 401 of the Code of Civil Procedure, relating to the suspension of the running of the Statute of Limitations where a person against whom an action may be commenced is without the State, does not apply to section 376 of the Code of Civil Procedure providing that a judgment is conclusively presumed to have been paid after the expiration of twenty years, unless within that time payment has been made or the indebtedness acknowledged or some part of the amount recovered by judgment or decree, etc.

Hence, an action on a judgment cannot be maintained after the expiration of twenty years from its recovery although the judgment debtor, during a portion of the period, was without the State.

Statutes relating to the presumption of payment of judgment by lapse of time collated and analyzed per PAGE, J.

APPEAL by the defendant, Jacob Cram, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of April, 1916, upon the decision of the court after a trial before the court, a jury having been waived.

*John Godfrey Saxe* of counsel [*Worcester, Williams & Saxe* with him on the brief], for the appellant.

*Herbert G. McLear,* for the respondent.

PAGE, J.:

The action was commenced January 26, 1916, and was upon a judgment recovered against the defendant on April 1, 1895, in the Supreme Court of this State. The answer sets forth as a defense that the action was not commenced within twenty years from the time when the parties recovering the judgment were first entitled to a mandate to enforce it. The defendant, in 1899, went to Alaska and remained there between four and five years, returning to this State and again in 1909 removed to New Jersey, remaining there until July, 1911.

The sole question presented on the trial and on this appeal is whether the exceptions contained in section 401 of the Code

of Civil Procedure apply to section 376, and hence that the
time within which the presumption of payment would arise
was extended for the period of time that the defendant was
absent from the State. The learned trial justice has so held
and given judgment for the plaintiff for the amount of the
original judgment with interest. Section 376 is not a Statute
of Limitation upon the right to maintain the action, but a rule
of evidence, that upon proof of the fact that more than twenty
years have elapsed since the party recovering the judgment
was first entitled to a mandate to enforce it, a presumption
of payment arises, which is conclusive except where within
that period a payment has been made on the judgment or
a written acknowledgment of the indebtedness is made and
signed by the person to be charged. Inasmuch as there
was a time limit prescribed before the presumption would
arise, it is to that extent a Statute of Limitation. It is in
that sense, as I understand it, that this presumption has
been referred to as a Statute of Limitation and not to iden-
tify it with and make applicable thereto all the provisions
and exceptions that apply to *the* Statute of Limitations.
(See *Gray* v. *Seeber*, 53 Hun, 611, and cases there cited.)
The statutory limitation is a bar to the maintenance of an
existing cause of action. The presumption of payment renders
the cause of action non-existent. The common-law rule
that a presumption of payment of a judgment, bond or other
specialty, arose from the lapse of twenty years from the time
it became due, in the absence of circumstances explaining
the delay, was adopted from the rule of courts of equity
that where a party had failed to enforce a debt for a long
time it would be presumed that the debt had been satisfied. It
is analogous to title by adverse possession, a grant being pre-
sumed from the failure of the holder of the record title to assert
his rights against the adverse holder for twenty years. The
common-law rule existed in this State prior to any statutory
provision on the subject. This presumption was one of fact
and not of law, and it was for the jury to draw the conclusion
upon all the facts and circumstances of the case. (*Bean* v.
*Tonnele*, 94 N. Y. 381, 385; *Macaulay* v. *Palmer*, 125 id. 742,
744.) The defendant's absence from the State during the

period would, therefore, have been competent evidence to submit to the jury, under the common-law rule, as tending to explain the delay. The cases of *Rosenstock* v. *Dessar* (85 App. Div. 501) and *Zebley* v. *Farmers' Loan & Trust Co.* (139 N. Y. 461) deal with the common-law and equity rule. None of these last four cases were actions upon judgments. The Revised Statutes of 1829 changed the common-law rule of a disputable to a conclusive presumption of payment of judgments after the expiration of twenty years, making the same exceptions as are now contained in section 376 of the Code of Civil Procedure. (R. S. pt. 3, chap. 4, tit. 2, art. 5, § 47; 2 R. S. 301, § 47.) In the Code of Procedure (Laws of 1848, chap. 379) a Statute of Limitation was enacted (Pt. 2, tit. 2, chap. 3) which provided in section 70 that an action upon a judgment or decree of any court of the United States, or of any State or Territory within the United States, must be brought within twenty years. By section 80, which was in chapter 4 of title 2 of part 2 of said Code, it was provided that " If, when the cause of action shall accrue, against a person, he be out of the State, the action may be commenced within the term herein limited, after his return to the State; and if, after the cause of action shall have accrued, he depart from and reside out of the State, the time of his absence shall not be part of the time limited for the commencement of the action." By amendment (Laws of 1849, chap. 438) these sections became 90 and 100 of the Code of Procedure, and so remained until the adoption of the Code of Civil Procedure, in which section 376 substantially re-enacts the provisions of the Revised Statutes as they existed before the adoption of the Code of Procedure. Mr. Throop's notes to this section in giving the reasons for the change, stated as one of them: " But the substitution of a mere bar to an action, in place of a general presumption of payment, leads to another mischief; for, by § 284 of the Code of Procedure, an execution upon a judgment may be issued at any time, provided a previous execution was issued within five years, or an order of the court has been obtained; and so there is apparently no limitation, if the remedy by execution is pursued. \* \* \* It may be added, also, that the presumption created by the R. S., was designed to extend to many cases, particu-

larly in equity, where the judgment might be made the foundation of some relief other than a direct action upon it, all of which are cut off from the original statute." Thus it would appear to have been the intention to abolish the limitation as a bar to the maintenance of the action and substitute a presumption that would defeat the action. Undoubtedly the exception contained in section 100 of the Code of Procedure applied to the limitation of section 90 to actions on judgments. Section 376 of the Code of Civil Procedure makes the presumption conclusive except in case of part payment or a written, signed acknowledgment. The expression of these exceptions excludes all others. (See *Morey* v. *Farmers' Loan & Trust Co.*, 14 N. Y. 302, 306.) The application of this maxim has peculiar force when there existed other exceptions to the statute for which this is a substitute.

In our opinion section 401 of the Code of Civil Procedure does not apply to section 376; therefore, the payment of the judgment in suit was conclusively presumed, and the absence of the defendant from the jurisdiction did not extend the term beyond the twenty years.

The judgment should, therefore, be reversed, with costs to the appellant, and the complaint dismissed.

CLARKE, P. J., SCOTT, SMITH and DAVIS, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.