SARAH JACOBS, Appellant, *v.* FIDELMA DEL GENOVESE, as Administratrix, etc., of VIRGILIO DEL GENOVESE, Deceased, Respondent.

First Department, July 13, 1917.

Judgment — conclusive presumption of payment after twenty years — attempt to commence action on judgment by delivery of process to sheriff for service within twenty years — actual service effected after elapse of statutory time — Code Civil Procedure construed.

The presumption that a judgment has been paid and satisfied after the expiration of twenty years from the time the plaintiff was entitled to a mandate to enforce it (Code Civ. Proc. § 376) is a conclusive presumption

and the provisions of the Code of Civil Procedure relating to the extension of the period of the Statute of Limitations under certain circumstances are not applicable.

But section 399 of the Code of Civil Procedure, making an attempt to commence an action in a court of record equivalent to the commencement thereof, is applicable to an action on a judgment, and hence, where the summons and complaint were duly placed in the hands of a sheriff for service upon the defendant in the county where he resided within twenty years from the recovery of the judgment, the action is not barred although the sheriff did not actually succeed in making service within the twenty-year period.

APPEAL by the plaintiff, Sarah Jacobs, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 4th day of April, 1917, upon the verdict of a jury rendered by direction of the court, both sides having moved for the direction of a verdict at the close of the case, and having waived the attendance of the jury.

An appeal is also taken, as stated in the notice of appeal, from the decision of the court.

*Samuel M. Fleischman,* for the appellant.

*Outerbridge Horsey,* for the respondent.

SHEARN, J.:

The action was brought to recover upon a judgment entered January 6, 1897, in an action by the plaintiff herein against the defendant's intestate. On December 26, 1916, plaintiff caused a summons to be issued and on January 4, 1917, the summons and complaint were placed in the hands of the sheriff of the county of Bronx, where defendant resided, with the intent that same be served pursuant to section 399 of the Code, and service was effected on January 23, 1917. Defendant then joined issue and set up in bar that the action was not commenced within twenty years from the time the plaintiff was entitled to a mandate to enforce the judgment. Section 376 of the Code provides that a final judgment for a sum of money is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. It has been decided that this is a conclusive presumption.

It was deemed by the Special Term that the case of *Brink-man* v. *Cram* (175 App. Div. 373) was decisive of this appeal. In that case Mr. Justice PAGE wrote a very carefully considered opinion as to whether the period of absence from the State, which under section 401 of the Code suspends the running of the Statute of Limitations, extended the twenty-year period provided for in section 376, and held that section 401 applied solely to limitations upon the commencement of actions and had no effect upon the presumption provided for in section 376. In the course of the opinion Mr. Justice PAGE pointed out that, while for some purposes and in certain aspects section 376 constitutes a Statute of Limitations, it is really a statute creating this conclusive presumption of payment. The learned justice at Special Term accordingly concluded that because it had held that section 401 had no relation to section 376, it followed that sections 398 and 399 had no relation to section 376; the former (398) declaring when an action is deemed to be commenced, and the latter (399) providing that an attempt to commence an action in a court of record under given circumstances such as are concededly present in the case at bar, is equivalent to the commencement thereof. In view of the decision in *Seaman* v. *Clarke* (60 App. Div. 416; affd., 170 N. Y. 594), which holds that section 376 is a Statute of Limitations, there appears at first blush to be some inconsistency between the opinion in the *Brinkman* case and that in the *Seaman Case* (60 App. Div. 422). But it clearly appears in the *Brinkman* case to have been our opinion that for some purposes, such as those involved in the *Seaman* case and such as are involved in this case, section 376 is, in a sense, a Statute of Limitations. That is to say, unless an action on a judgment is commenced within twenty years after the judgment is recovered, the right of action thereon is extinguished, and it cannot be affected or extended by any Code provisions with reference to the method of reckoning time. However, once an action is actually commenced within the twenty years, the statute cannot be set up as a bar, even though at the time the answer is served more than twenty years have expired. This is clearly held in *Seaman* v. *Clarke* (*supra*). The presumption of payment is determined by reckoning back from the time when the action on

the judgment is commenced. If at that time the period of twenty years has not elapsed, there is no presumption, whereas, if twenty years have elapsed, the presumption is conclusive and no right of action exists.

It only remains, therefore, to determine whether in this case the action was commenced within the twenty-year period That it was, it seems to me, there can be no doubt, because the Code expressly provides that an action is deemed to have been commenced when the things which were done in this case have been done, namely, the summons delivered to the sheriff and the delivery is followed by service. This works no extension of the time within which an action is begun. It is the commencement of an action. As this action was actually commenced within the twenty-year period, the court erred in directing a verdict for the defendant.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

SCOTT, DOWLING, SMITH and PAGE, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.