(117 App. Div. 302)

## In re MURTAUGH.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

1. INSANITY—PROCEEDINGS TO COMMIT—LIABILITY FOR COSTS.

Proceedings under Laws 1896, pp. 492, 495, c. 545, §§ 62, 63, for commitment of a person as insane, are not "special proceedings," within Code Civ. Proc. § 3334, costs in which may, under section 3240, be awarded in the discretion of the court, they not being "for the enforcement * * * of a right, the redress * * * of a wrong, or the punishment of a public offense," and the contrary intention being shown by section 64, providing that, in the discretion of the judge, the costs may be charged against the petitioner for the commitment, so that, the latter provision being repealed by Laws 1904, p. 1048, c. 428, such costs may not be charged against such petitioner.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Insane Persons, § 39.]

2. SAME—REMEDY FOR UNAUTHORIZED CHARGING OF COSTS.

The appeal provided by Laws 1896, p. 495, c. 545, § 63, relative to proceedings to commit a person as insane, being only on the question of fact of insanity, the remedy for the unauthorized charging of costs against petitioner is properly by motion to strike the same from the decree dismissing the petition.

Appeal from Surrogate's Court, Albany County.

Application for commitment of Sarah A. C. Murtaugh, an alleged insane person, to the Hudson River State Hospital at Poughkeepsie. From an order striking from the decree dismissing the petition the provision for payment by petitioner of the costs of said Murtaugh, she appeals. Affirmed.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Ransom H. Gillet, for appellant.
John H. Gleason, for respondent.

SMITH, J. This was an application, made upon the petition of Richard W. Murtaugh, for an order to commit his wife, this respondent, Sarah A. C. Murtaugh, to a hospital for the insane. The petition was accompanied by the certificate of two licensed examiners in lunacy, as prescribed by the statute. Upon the hearing before the surrogate the petition was dismissed, and in the decree dismissing the petition costs were charged against the said Richard W. Murtaugh in the sum of $111.90. Thereafter the said Richard W. Murtaugh made a motion before the surrogate to correct the decree by striking therefrom the provision as to costs. This motion was granted, and from the order granting this motion the respondent in the proceeding here appeals.

By chapter 545, p. 471, of the Laws of 1896, the laws regulating proceedings in cases of insanity were revised. By section 62 (page 492) of the said law the proceedings to determine the question of insanity were prescribed. It was therein provided by whom a petition could be presented, for the certificate of two qualified physicians before the commitment should be made, and for an order of commitment thereupon. By section 63 (page 495) special provision is made

for an appeal from that order of commitment. The appeal therein provided for is not an ordinary appeal from a final order in a special proceeding, but is an appeal to a justice of the Supreme Court, who shall cause a jury to be summoned as in case of proceedings for the appointment of a committee of an insane person, and the question of the insanity of the alleged lunatic shall be there tried. By section 64 (page 495) provision is made for the payment of certain costs of the proceedings by the town or county of the lunatic's residence, and it is therein provided that the judge may, in his discretion, charge the costs of the proceeding against the petitioner. This provision authorizing the charging of the costs as against the petitioner was stricken from the law by chapter 428, p. 1048, of the Laws of 1904; so that at the time this proceeding was instituted there was no special authority of law for the charging of these costs as against the petitioner. The contention of the appellant, however, upon this appeal, is, first, that this is a special proceeding under the Code of Civil Procedure, and the costs are authorized in the discretion of the court by reason of the Code provisions; secondly, that, even if costs be unauthorized, the remedy of the petitioner was by appeal, and not by motion. Section 3333 of the Code of Civil Procedure defines an "action" in the following words:

"The word 'action,' as used in the new revision of the statutes, when applied to judicial proceedings, signifies an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

By section 3334 a "special proceeding" is thus defined:

"Every other prosecution by a party, for either of the purposes specified in the last section, is a special proceeding."

The surrogate was probably right in holding that this was not a special proceeding within this definition. The proceeding is one for the protection of the alleged lunatic and for the protection of society. The petitioner neither gains nor loses by the order entered therein. No right is enforced, no wrong redressed, no public offense is punished. Moreover, the intention of the lawmakers is manifest to make special provisions for this proceeding, and not to bring the proceeding within the general rules of the Code of Civil Procedure governing special proceedings. The provisions of section 64 as to costs, which were eliminated by the amendment of 1904, would have been surplusage, if it had been the intention that this should be a special proceeding wherein costs were to be governed by section 3240. The remaining provisions of section 64, which are still in force, make provisions for costs of the proceedings not applicable to special proceedings generally. The provisions of section 63 as to appeal from the order of commitment is a provision applying only to this class of cases, and in itself impliedly negatives the right to appeal as from a final order in a special proceeding under the Code of Civil Procedure. These provisions of section 63 also contain an answer to the appellant's contention that the remedy of the petitioner was by appeal rather than by motion. The appeal provided for by that section seems to be an appeal to a judge and jury upon the question of fact—

the insanity of the alleged lunatic; and no appeal seems to be therein provided upon which the right of the surrogate to grant these costs could be reviewed.

· The petitioner's motion, therefore, was the proper, and apparently the only, remedy; and, as we are of the opinion that the amendment of section 64 of the insanity law by the Laws of 1904 deprived the surrogate of the right to impose costs upon the petitioner, we conclude that the order should be affirmed, with $10 costs and disbursements. All concur.