OTTO GRIMMER, Plaintiff, v. WARREN, MOORE & COMPANY et al., Defendants.

Supreme Court, New York Special Term, September 10, 1924.

Liens — continuation — order continuing lien pursuant to Lien Law, § 18, issued by Oneida County Court on lien filed in Albany county — proceeding should be had in county where lien is filed — application to continue lien not special proceeding within Civil Practice Act, § 5 — Civil Practice Act, § 130, not applicable — motion to dismiss complaint in action to foreclose lien granted.

A motion to dismiss plaintiff's complaint in an action to foreclose a lien will be granted where an order continuing the lien under section 18 of the Lien Law was procured from the Oneida County Court upon a lien filed in Albany county, since the proceeding should have been had in Albany county where the lien was filed pursuant to section 18 of the Lien Law.

*It seems*, that an order continuing a lien pursuant to section 18 of the Lien Law is not a special proceeding for the enforcement or protection of a right, redress or prevention of a wrong, or punishment of a public offense within the meaning of section 5 of the Civil Practice Act, and, therefore, section 130 of the Civil Practice Act does not apply.

MOTION to dismiss complaint in action to foreclose a lien.

*Franz Neilson (Wilbur F. Earp*, of counsel), for the plaintiff.

*Eidlitz & Hulse*, for the defendants New Amsterdam Casualty Company and Ætna Casualty and Surety Company.

PROSKAUER, J. By the procurement of an order from the County Court of Oneida county, the lienor claims to have complied with the provisions of section 18 of the Lien Law requiring the procurement of an order continuing the lien and conferring upon the County Court of the county in which such lien was filed or the county judge of such county authority to make such order. The lien was filed in Albany county. To sustain this contention he invokes the provisions of section 130 of the Civil Practice Act providing that an order in an action or special proceeding which

47

can be made by the county judge out of court may be made by the county judge of any other county.

There is grave doubt whether the procurement of an order extending the lien is a special proceeding within the meaning of section 5 of the Civil Practice Act. It is hardly to be described as " a prosecution for the enforcement or protection of a right, the redress or prevention of a wrong or the punishment of a public offence," and the courts recognize that resort is frequently had to them in matters which are neither actions nor special proceedings. _Matter of Attorney-General,_ 155 N. Y. 441; _Matter of Murtaugh,_ 117 App. Div. 302; 3 Fiero Particular Act. & Proc. 3098.

Even if it be viewed, however, as a special proceeding, the Lien Law clearly contemplated that the proceeding should be had in the county where the lien was filed and the only effect of section 130 of the Civil Practice Act would be to give to the Oneida county judge the right to make the order in a proceeding brought in Albany county. Any other holding would lead to the impractical result that a proceeding could be brought in any County Court in the state to extend a lien filed in any other county.

Motion to dismiss complaint granted. Order signed.

Ordered accordingly. _____