In the Matter of the Application for the Judicial Settlement of the Account of Proceedings of WILLIAM M. HOES, Public Administrator, etc., and Administrator, etc., of CARL HANS KIESSIG, Deceased, and for Leave to Resign as Such Administrator, and for the Revocation of His Letters. ·

CARRIE EINSTEIN, as Administratrix, etc., of GEORGE EINSTEIN, Deceased, Appellant; ELIZABETH MAERLANDER, as Executrix, etc., of HENRY M. MAERLANDER, and MATHILDA MOLSBERGER, Respondents.

First Department, May 17, 1918.

**Limitation of action — presumption of payment of judgment after twenty years — claim against estate — term of twenty years not extended for eighteen months after death under section 403 — defense available to administrator — duty of administrator to raise objection to presumption of payment — remedy for avoiding presumption of payment of judgment.**

Section 403 of the Code of Civil Procedure, providing that the term of eighteen months after the death within this State of a person against whom a cause of action exists is not part of the time limited to the commencement of the action, cannot be read into section 376, providing that a judgment is conclusively presumed to have been paid after the expiration of twenty years, unless within that time payment has been made or the indebtedness acknowledged or some part of the amount recovered by judgment or decree.

An administrator may avail himself of the conclusive presumption of the payment of a judgment after twenty years as a defense to a claim against the estate.

An administrator is bound to raise the objection that a judgment is presumed to be paid after twenty years under section 376 of the Code of

Civil Procedure, and if he does not do so and pays the judgment, said payment cannot be allowed him on his accounting.

The remedy of a judgment creditor is to obtain leave after ten years from the docketing of his judgment and sue thereon, which will keep the claim alive for twenty years from the rendition of the second judgment.

APPEAL by Carrie Einstein, as administratrix, from an order and decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 22d day of December, 1917, settling the accounts of the administrator herein, overruling and disallowing appellant's claim against the estate and directing distribution to other alleged creditors.

*Henry W. Jessup* of counsel [*Loeb, Bernstein & Ash,* attorneys], for the appellant.

*Charles L. Hoffman* of counsel [*Henry A. Friedman* with him on the brief], for the respondent Molsberger.

*James Shea* of counsel [*Bowman & Shea,* attorneys], for the respondent Elizabeth Maerlander, as executrix, etc.

PAGE, J.:

On August 25, 1896, George Einstein recovered a judgment against the decedent for the sum of $8,117, which judgment was duly docketed in the office of the clerk of the county of New York.

On February 16, 1906, the judgment creditor died. On November 9, 1915, the judgment debtor died. On November twenty-second the public administrator took out letters on the estate of the judgment debtor. On January 13, 1916, Messrs. Leventritt, Cook & Nathan, attorneys for the judgment creditor's estate notified the public administrator of the outstanding judgment. On August 8, 1916, the appellant took out letters of administration on the estate of the judgment creditor. On August 22, 1916, a certified copy of the judgment roll was served on the public administrator with proof of claim. On or about January 30, 1917, the attorney for the public administrator stipulated that the claim should be heard upon the accounting of the public administrator. The accounting proceeding came on before the surro-

gate November 2, 1917. The surrogate decided that the judgment was conclusively presumed to have been paid under section 376 of the Code of Civil Procedure. In this the learned surrogate was correct. We have recently had occasion to construe section 376 of the Code of Civil Procedure (*Brinkman* v. *Cram*, 175 App. Div. 372), in which we held that under that section a judgment is conclusively presumed to have been paid after the expiration of twenty years, unless within that time payment has been made or the indebtedness acknowledged, or some part of the amount recovered by a judgment or decree, and we held that the exceptions to that section were limited to those above specified, and we held that the absence from the State of the defendant did not extend the period of limitation by such period of absence. The same reasoning would demonstrate that section 403, which provides that the term of eighteen months after the death within this State of a person against whom a cause of action exists is not part of the time limited for the commencement of an action, cannot be read into section 376. The counsel for the appellant treats this section as a limitation upon his right to present his claim or institute some proceeding to enforce payment, and argues that as a judgment is not such a claim as can be rejected and referred within the contemplation of the Code (*Matter of Wait*, 39 Misc. Rep. 74), it was not necessary for him to institute a proceeding to compel payment or an action on the judgment. And further, that unless such action or proceeding is brought the presumption created by section 376 is not available to the administrator, for he says section 378 provides " that it must be based upon an allegation, that is to say, the rule can be invoked only on a specific averment in the case." Section 378 states " a person may avail himself of the presumption * * *." The mistake the learned counsel has fallen into is substituting the imperative " must " for the permissive " may."

At the time this matter came before the surrogate there was no debt due to the judgment creditor; his judgment was conclusively presumed to have been paid. In an action brought by a purchaser of decedent's real estate to restrain the executrix from selling the real estate to pay the debts

which were barred by the Statute of Limitations at the time she commenced her advertisement of the sale of real estate to pay the debts, the Court of Appeals said: " Even though a creditor of an estate was not bound, as the law stood in 1872, to institute proceedings to compel the sale of real estate to pay debts until after an executor or administrator had rendered an account, such omission did not stop the running of the statute as against the debt. (*Raynor* v. *Gordon*, 23 Hun, 264.) The executor or administrator could institute such proceedings for three years, and during or after that time could be compelled by the creditor so to do, provided the administrator had rendered an account. (*Ferguson* v. *Broome*, 1 Bradf. 10.) This was a remedy open to a creditor to enforce the collection of a debt, but it did not enlarge the time for the running of the statute against it. An executor or administrator is bound to set up the bar of the statute, and he would not be allowed in his accounting any sum paid upon a debt which, at the time of its payment by him, was barred by such statute." (*Butler* v. *Johnson*, 111 N. Y. 204, 211.) The administrator was bound to raise the objection that the judgment was presumed to be paid and had he not done so and paid the judgment, the payment could not have been allowed him on his accounting.

The Code provides in effect that an action may be brought upon a judgment after ten years have elapsed since the docketing of such judgment. The remedy for the judgment creditor in this matter was to have sued upon his judgment and then his claim would have been kept alive for twenty years from the rendition of the second judgment.

The order should be affirmed, with costs.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Decree affirmed, with costs.