Matter of B. LINDNER & BRO., INC. (COLUMBIA ENGINEERING & CONTRACTING CO., INC., etc.)

Supreme Court, New York County, March 7, 1933.

*Francis J. Duffy*, for the petitioner.

*Louis Hoffman*, in opposition.

CALLAHAN, J. The movant, Joseph Saso, on the 28th and 31st days of October, 1932, filed certain mechanics' liens against moneys due or to become due to B. Lindner & Bro., Inc., under a contract

between the Columbia Engineering & Contracting Company, Inc., and the State of New York, for paving a State road. B. Lindner & Bro., Inc., was the assignee of the Columbia Engineering & Contracting Co., Inc. By an order of a justice of this court pursuant to statute amounts were fixed for undertakings to discharge said liens. Thereafter this court on the return of motions for such relief approved two undertakings given by a surety company in the amount previously fixed and ordered the said liens discharged. Later the surety company furnishing said undertakings became insolvent and is in liquidation. The movant now petitions this court for an order vacating the order heretofore entered discharging his liens and reinstating said liens unless new bonds are given in substitution of those of the defaulted surety company.

The question arises as to whether there is statutory or other authority for the court to grant such relief. Section 149 of the Civil Practice Act provides: " § 149. Additional security. Where a bond or an undertaking has been or shall be given in an action or a proceeding, further or other security may be ordered in addition to such security. Upon cause shown an examination or re-examination of any surety upon any such undertaking may be ordered and upon such examination or re-examination a new surety or sureties may be required to be furnished or further or other security to be given in addition to the security already given. Such order may be enforced by any disposition of the action or proceeding as may be proper." The provisions above were formerly included in section 813-a of the Code of Civil Procedure. Section 21, subdivision 5, of the Lien Law, which section relates to the discharge of liens for public improvements, provides that where a certificate of solvency has been issued by the Superintendent of Insurance under the provisions of the Insurance Law and has not been revoked no justification by a surety is necessary, and that any company having such certificate may execute the undertaking required to discharge a lien. Said section also provides: " Except as otherwise provided herein, the provisions of article five of title six of chapter eight of the code of civil procedure are applicable to an undertaking given for the discharge of a lien on account of public improvements." Section 813-a of the Code of Civil Procedure was a part of article 5 of title 6 of chapter 8 of the Code of Civil Procedure. By section 1572-a of the Civil Practice Act a reference in any statute to the Code of Civil Procedure shall be deemed to be a reference according to the fair intendment thereof or to a corresponding provision of the Civil Practice Act. It, therefore, seems apparent that section 149 of the Civil Practice Act is applicable to " actions or proceedings " with reference to liens for public improvements.

The question remains as to whether the orders of this court

fixing the amount of the undertakings and discharging the liens were " proceedings " within the meaning of the section last mentioned. If the word " proceeding " was intended to mean solely a " special proceeding " it would not seem to include such orders. (See definition, " special proceeding," Civ. Prac. Act, § 5; also *Grimmer* v. *Warren, Moore & Co.*, 123 Misc. 737.) It seems to me, however, that the word " proceeding " when used in the phrase " action or proceeding " was intended to convey a broader meaning than " action or special proceeding." It may be noted in the very next section (Civ. Prac. Act, § 150) the phrase used is " action or special proceeding." The word " proceeding " has heretofore been given a broad interpretation by the courts. (*People* v. *Clarke*, 9 N. Y. 349, 368, 369; *Queens County Water Co.* v. *O'Brien*, 131 App. Div. 91, 96.) The orders involved herein were " proceedings " in obedience to a statute. In my opinion " proceeding " in this case was intended to mean any judicial action taken pursuant to statute. The holding of the Appellate Division, Fourth Department, in the case of *Iuppa, etc.*, v. *Angert* (190 App. Div. 969) is not contrary to this view. The lien involved therein was a private lien and not a municipal lien, and there seems to be no provision in the Lien Law extending the remedy under section 149 of the Civil Practice Act to private liens.

That the movant is entitled to the favorable exercise of the court's discretion in obtaining further or other security is clear, provided the power to grant the relief exists. I think it does. The motion is, therefore, granted and the orders discharging the liens will be vacated unless within ten days after the service of a copy of this order on the attorney appearing herein for B. Lindner & Bro., Inc., new undertakings as prescribed by the statute for the amount heretofore fixed are given, approved and filed. In the event of failure to provide such new undertakings the liens will be reinstated, without prejudice, however, to any payments that have been made by the State of New York on the strength of the undertakings heretofore given and without prejudice of any rights that may have arisen in favor of other lienors, if any exist, by reason of the giving of said prior bonds. Settle order on notice.