In the Matter of the Estate of MICHAEL A. AMARANTE, Deceased.

Surrogate's Court, Kings County, September 9, 1933.

*Edward J. Connolly*, referee.

*Nathan Wernick*, for the claimant Luigi Faiella.

*Joseph Koplman*, for Isaac Gold, administrator.

*Benjamin H. Roth*, for Albert L. Fessler, judgment creditor.

WINGATE, S. The questions here presented for decision arise upon a motion to confirm the report of the referee heretofore appointed by this court. The objections of the administrator are three in number and relate, *first*, to the refusal of the referee to grant an adjournment of hearing; *second*, to allowance of the balance of the undertaker's bill, and *third*, to a recommendation that no further costs be allowed to the administrator on the accounting.

In respect to the first, it need only be noted that the mode of conduct of hearings before a referee is within the judicial discretion of such an official. (*Cooley* v. *Huntington*, 16 Abb. Pr. 384, note; *Morange* v. *Meigs*, 54 N. Y. 207, 209.) No legal excuse for failure to proceed was presented to the referee and the reasons advanced by him for his denial of the motion are ample to sustain his ruling.

The bill of $289 for the funeral represented almost an irreducible minimum. No proof of the alleged accord and satisfaction by payment of $150 was demonstrated and the allowance of the balance was, therefore, proper.

The attorney for the administrator has already received $250 from a gross estate of $501.44. Whereas at first blush such allowance would seem disproportionately high, the court fully concurs with the report of the referee that it is justified under the facts disclosed. Such payment, however, represents the extreme limit of allowance possible in an estate of such insignificant size and must be taken as complete payment to and including final settlement of the estate.

All objections of the administrator are, therefore, overruled.

Albert L. Fessler, a creditor claimant, objects to the disallowance of his claim. It was based on a judgment recovered in the Third District Municipal Court of Manhattan on December 27, 1910, a transcript of which was filed in the office of the county clerk of New York county on January 3, 1911. The decedent died on

December 15, 1928, and the present administrator was appointed on May 15, 1929. On the following June 20, 1929, the creditor filed a proof of his claim with the administrator which was promptly rejected. Nothing further transpired in connection with the matter until the present accounting proceeding which was initiated by a compulsory petition of Luigi Faiella verified March 22, 1933, with which a voluntary proceeding was subsequently consolidated. Citation was issued returnable on June seventeenth. This claimant appeared by notice filed in this court on June second.

At the time this court received jurisdiction of the proceeding, more than twenty years had elapsed since the docketing of this judgment. Section 44 of the Civil Practice Act interposes a conclusive presumption of payment of a judgment " after the expiration of twenty years from the time the party recovering it was first entitled to a mandate to enforce it," except in a case of a written acknowledgment in the interval by the party sought to be charged. It has repeatedly been held that this statute and its forerunners are conclusive against any right of the judgment creditor unless the proceeding for enforcement comes under the jurisdiction of the surrogate prior to the expiration of this time. (*Matter of Kendrick*, 107 N. Y. 104, 108; *Matter of Hoes*, 183 App. Div. 38, 40; *Brinkman* v. *Cram*, 175 id. 372, 373; *Matter of Schulze*, FOLEY, S., 120 Misc. 287.)

These cases also authoritatively determine that the presentation of the claim to the estate representative will not affect the question. The decision of the Appellate Division for the Third Department in *Matter of Whitcher* (230 App. Div. 239) is not in point as the claim involved did not concern a judgment debt but a claim on quasi-contract concerning which other considerations prevail. (*Brinkman* v. *Cram*, 175 App. Div. 372, 373.)

As a matter of practical fact, the result upon the creditor of the disallowance of his claim is negligible, since the preferred charges for funeral and administration expenses substantially if not entirely consume the funds in the hands of the administrator.

The report of the referee is, accordingly, in all respects confirmed.

Proceed accordingly.