In the Matter of the Estate of ANDREW F. MURRAY, Deceased.

Surrogate's Court, Bronx County, December 17, 1935.

*Pressinger & Wigg,* for Virginia M. Scott, petitioner.

*Albert Erdman,* for the executors, etc., of Paul Gumbinner, deceased, judgment creditor.

*Ernest M. Morrison,* for Central Hanover Bank and Trust Company, claimant.

HENDERSON, S. This estate is insolvent. There are three judgment creditors. The Central Hanover Bank and Trust Company has a judgment docketed in the county clerk's office in New York county on August 7, 1914. The John J. Tully Company judgment

was docketed in the Bronx county clerk's office on November 24, 1914. The judgment of the executors of the estate of Paul Gumbinner was docketed in the New York county clerk's office on March 9, 1920. They are all judgments of the Supreme Court.

The decedent died on December 27, 1932, and letters of administration issued on February 16, 1933.

The Central Hanover Bank and Trust Company commenced an action on its judgment against the administratrix on June 21, 1934. That action is still pending. It filed a proof of its claim with the administratrix on March 9, 1933, but commenced no proceeding in this court. The account and petition for its judicial settlement were filed herein on October 24, 1935.

With respect to the Tully judgment, there is a conclusive presumption that it has been paid and satisfied. (Civ. Prac. Act, § 44; *Matter of Hoes*, 183 App. Div. 38; *Matter of Amarante*, 148 Misc. 825; *Matter of Schulze*, 120 id. 287.)

Section 212 of the Surrogate's Court Act provides for the payment of the debts of the deceased in the following order: " 3. Judgments docketed, and decrees entered against the deceased according to the priority thereof respectively."

The representatives of the Gumbinner estate contend that they are to be preferred to the claimant Central Hanover Bank and Trust Company, because the judgment of that claimant is barred by the Statute of Limitations, and that in the event of the success of the action on that judgment the bank will have a new judgment which must be subordinated to that of the estate.

Under the provisions of section 44 of the Civil Practice Act there is a conclusive presumption of payment after twenty years, under certain circumstances. However, it is a presumption only which may be rebutted if within twenty years: (1) The debtor has made a payment of some part of the amount recovered by the judgment; or (2) he acknowledged some part of the judgment indebtedness in writing; or (3) the judgment creditor commences an action (Civ. Prac. Act, § 484), pursuant to the provisions of that statute.

The purpose of the action is to rebut the presumption of payment and satisfaction and to prevent the bar of the statute. (*Jacobs v. Del Genovese*, 179 App. Div. 163.) The effect of success in such second action is to continue the lien created by the docketing of the original judgment, and to overcome such statutory presumption.

Decision with respect to the priority of the judgment creditors will be reserved pending the determination of the pending action.

This matter may be restored to the calendar upon five days' notice to the parties who have appeared in this proceeding.

Proceed accordingly.