In the Matter of the Accounting of VIRGINIA M. SCOTT, as Administratrix of the Estate of ANDREW F. MURRAY, Deceased.

CENTRAL HANOVER BANK AND TRUST COMPANY, Appellant; VIRGINIA M. SCOTT, as Administratrix, et al., Respondents.

(Argued November 18, 1936; decided December 31, 1936.)

*Andrew F. Van Thun, Jr.,* and *Ernest M. Morrison* for appellant.

230

*Albert Erdman* for Blanche G. Erdman et al., as executors of Paul Gumbinner, deceased, respondents.

O'BRIEN, J. The Central Trust Company, predecessor of appellant Central Hanover Bank and Trust Company, recovered a money judgment for $51,674.44 against Andrew F. Murray and docketed it August 7, 1914. Respondents Erdman and others, as executors of Paul Gumbinner, also recovered a money judgment for

$5,934.83 against Murray and docketed it March 9, 1920. Murray died December 27, 1932, and respondent Scott qualified as administratrix. Appellant trust company filed its proof of claim March 9, 1933, with the administratrix, and on June 21, 1934, served a summons, but no complaint, in an action in the Supreme Court, New York county, on the judgment docketed by it August 7, 1914. The administratrix filed her account October 25, 1935, and petition for judicial settlement with the Surrogate of Bronx county. In her petition the only creditors listed are, in addition to one whose interests are not here involved, this appellant trust company and respondents Erdman and others, as executors of Gumbinner. Appellant served its complaint in its action on the judgment November 8, 1935, and the executors of Gumbinner filed proof of claim November 14, 1935. By order of the Supreme Court, New York county, dated December 26, 1935, on consent of the Surrogate of Bronx county, the action of *Central Hanover Bank & Trust Co. v. Scott,* as Administratrix, was transferred to the Surrogate's Court, Bronx county, " for determination by said court in the pending accounting proceeding affecting the administration of the Estate of Andrew F. Murray," and on December 30, 1935, the Surrogate of Bronx county by order consolidated the accounting proceeding and the action. After trial of the issues the Surrogate rendered · a decision January 29, 1936, for a judgment in the sum of $51,239.36 in favor of appellant trust company against Murray's administratrix as a valid claim against the estate and filed a decree on accounting, February 14, 1936, adjudging that the trust company, " by reason of the institution of its action within the statutory period to preserve its judgment claim," has a valid judgment claim for $51,674.44. The decree also adjudged that the claim of the Gumbinner estate for $5,934.83 is valid but is subordinate in priority and payment to the priority and payment of the judgment claim of the trust company.

The Appellate Division modified the decree of the Surrogate by reversing the order of December 30, 1935, which had consolidated the proceeding for judicial settlement of the accounts of the administratrix with the action instituted by appellant trust company against Scott, as administratrix, and by denying the motion for judgment in favor of the trust company against the administratrix. It struck out that part of the Surrogate's decree which adjudged that the trust company's judgment have priority in payment over all other judgment creditors, and in its place inserted a provision adjudging that the trust company's valid claim for $51,239.36 is subordinate in priority and payment to the judgment for $5,934.83 recovered by the executors of Gumbinner.

The Surrogate's order of December 30, 1935, by which the accounting proceeding and the action were consolidated, is authorized by section 65 of the Surrogate's Court Act, as amended by the Laws of 1934, chapter 352. It provides: " § 65. Consolidation of actions and proceedings. At any time when two or more proceedings are pending involving in whole, or in part, the same matters, the surrogate may, in his discretion, consolidate such proceedings upon such terms as shall appear to him to be equitable and just; but without prejudice to the power of the surrogate to make any subsequent order or decree in either or any of them. The surrogate shall have like *power to consolidate with any proceeding an action at law* transferred to the surrogate's court of the counties of New York, Kings, Queens, Bronx, Richmond and Westchester." We can perceive no reason for limiting the comprehensive language employed in this section. It includes the circumstances present in this action and this proceeding.

Respondent argues that, pursuant to section 44 of the Civil Practice Act, appellant's judgment, which had been docketed August 7, 1914, was outlawed by the lapse of more than twenty years when the Surrogate on October 25, 1935, obtained jurisdiction. Section 44 is embraced

within article 2, which relates exclusively to limitations of time, and must be deemed to be a statute of limitation. Section 44 provides that a judgment is conclusively presumed to be paid unless within twenty years the debtor or his representative makes a payment or acknowledges an indebtedness of some part of the amount recovered by the judgment. Although only these two factors are specified as elements which toll the statute, clearly a reading of the entire section is sufficient to demonstrate that the institution of an action before the expiration of the twenty years also tolls it. This is the language: "A person may avail himself of the presumption created by this section under an allegation that *the action was not commenced, or that the proceeding was not taken,* within the time therein limited." Here is a clear implication that the institution of an action within the twenty years need not be followed within the same time by the rendition of a judgment or even the service of an answer. (*Seaman* v. *Clarke,* 60 App. Div. 416, 420; affd., 170 N. Y. 594.) This rule was again enforced in *Jacobs* v. *Del Genovese* (179 App. Div. 163, 165), where the court, in interpreting the same language then embraced within sections 376 and 378 of the Code of Civil Procedure, announced: " * * * unless an action on a judgment is *commenced* within twenty years after the judgment is recovered, the right of action thereon is extinguished. * * * However, once an action is actually *commenced* within the twenty years, the statute cannot be set up as a bar, even though at the time the answer is served more than twenty years have expired. This is clearly held in *Seaman* v. *Clarke* (*supra*). The presumption of payment is determined by reckoning back from the time when the action on the judgment is *commenced.* If at that time the period of twenty years has not elapsed, there is no presumption, whereas, if twenty years have elapsed, the presumption is conclusive and no right of action exists." In *Matter of Hoes* (183 App. Div. 38), upon which respondent relies, no action on the judgment was instituted within

the twenty years. In the case at bar the action was begun two months prior to the expiration of the twenty years.

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.