In the Matter of the Estate of Anthony W. Marino, Deceased.

Surrogate's Court, Kings County, August 6, 1954.

*Joseph Tursi, Jr.,* for Edward J. McBride, petitioner.

*George H. Burtis* for Mary Marino, individually and as administratrix of the estate of Anthony W. Marino, deceased, and others, respondents.

Rubenstein, S.   This is an application for an order granting petitioner leave to issue execution against certain real property in Suffolk County for the enforcement of a deficiency judgment obtained by petitioner's assignors against the decedent herein and others and docketed in Kings County on September 8, 1933, in the sum of $1,220.81.

The decedent died intestate, resident of Kings County, on September 1, 1945, survived by his widow and five children. Letters of administration on his estate were duly issued to the widow.

The respondents oppose the application chiefly on the ground that the judgment is conclusively presumed to have been paid by virtue of section 44 of the Civil Practice Act.   The petitioner, on the other hand, contends that by filing his petition on August 21, 1953, for leave to issue execution and obtaining a citation returnable September 15, 1953, which was served upon the administratrix on September 3, 1953, he commenced a proceeding within the time limited in said section and thus escaped the Statute of Limitations.

The court holds that the commencement of this proceeding did not toll the Statute of Limitations, and the judgment must be deemed conclusively paid and satisfied on September 8, 1953 (*Matter of Hoes,* 183 App. Div. 38; 2 Bradford Butler on New

York Surrogate Law and Practice, § 1483). In order to toll the statute, it was necessary either to institute an action on the judgment within the twenty-year period (*Matter of Murray,* 272 N. Y. 228) or to procure " a mandate to enforce it " before the expiration of that period of time which, in this case, meant actually issuing execution upon prior authority of the court and obtaining a proper levy (*Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57; *Matter of Hyde,* 177 Misc. 666; *Matter of McEnery,* 155 Misc. 337; *Moucha & Quelch* v. *Brogan,* 93 N. Y. S. 2d 739; *Hornblower & Weeks* v. *Sherwood,* 124 N. Y. S. 2d 322, affd. 282 App. Div. 931, affd. 307 N. Y. 204).

Application denied. Submit order, on notice, accordingly.