THE GUAYAQUIL AND QUITO RAILWAY COMPANY, a corporation of the State of Delaware, Defendant Below, Appellant, v. SUYDAM HOLDING CORPORATION, a corporation of the State of New York, Plaintiff Below, Appellee.

(*May* 29, 1957.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*William Duffy, Jr.* (William H. Foulk and Robert W. Wakefield with him on the briefs) for defendant below, appellant.

*Edmund D. Lyons* (of the firm of Morris, James, Hitchens and Williams) for plaintiff below, appellee.

Supreme Court of the State of Delaware, No. 1, 1957.

BRAMHALL, J.:

This appeal involves the applicability of Sections 44 and 53 of the New York Civil Practice Act (involving limitations of actions) in an action brought in this state against a Delaware corporation based upon a judgment obtained in the New York Supreme Court against a New Jersey corporation later merged with the Delaware corporation.

Plaintiff, on July 26, 1935, secured judgment against The Guayaquil and Quito Railway Company, a New Jersey corporation, before the Supreme Court of the state of New York. The New Jersey corporation on December 28, 1939, merged with a Delaware corporation of the same name, the Delaware corpora-

tion being the surviving corporation and the defendant in the suit in this state.

In the merger agreement between the New Jersey corporation and the Delaware corporation it was specifically provided that the "debts, liabilities and duties" of the New Jersey corporation should attach to its successor, the Delaware corporation.

On June 25, 1955, twenty years, less one day, after the entry of judgment in the New York court against the New Jersey corporation, plaintiff instituted suit in this state against the Delaware corporation based upon the judgment secured against the New Jersey corporation in the Supreme Court of New York. Upon motion by plaintiff for summary judgment, the lower court gave judgment for plaintiff against defendant, the Delaware corporation. Defendant appealed.

The first question presented is which, if either, section of the New York Civil Practice Act—Section 44 or Section 53—is applicable to this case.

Section 44 relates to the presumption as to satisfaction of judgments. It reads as follows:

"§ 44. When satisfaction of judgment presumed. A final judgment or decree for a sum of money or directing the payment of a sum of money, rendered in a court of record within the United States, or elsewhere, or a judgment of a court of this state not of record docketed in a county clerk's office upon a transcript filed therein pursuant to law, is presumed to be paid and satisfied after the expiration of twenty years from the time when the party recovering it was first entitled to a mandate to enforce it. This presumption is conclusive, except as against a person, who within twenty years from that time makes a payment or acknowledges an indebtedness of some part of the amount recovered by the judgment or decree, or his heir or personal representative, or a person whom he otherwise represents. Such an acknowledgment must be in writing and signed by the person to be charged thereby. *A person may avail him-*

*self of the presumption created by this section under an allega-*
*tion that the action was not commenced, or that the proceeding*
*was not taken, within the time therein limited."* [Emphasis
supplied.]

Section 53 is a "catch-all" statute and is as follows:

"An action, the limitation of which is not specifically pre-
scribed in this article, must be commenced within ten years
after the cause of action accrues."

Defendant contends that the action in this case is barred
by Section 53. It reasons thusly: Plaintiff's right to sue rested
on a double basis: (1) the recovery of a judgment and (2) the
merger of the judgment debtor (New Jersey corporation)· with
the defendant in this suit (Delaware corporation). Therefore,
says defendant, plaintiff's right of action depends on more than
the recovery of a judgment. Defendant contends that the right
of action does not originate until the consummation of the mer-
ger and that the statute of limitations does not begin to run until
that time.

Plaintiff holds that the action in this state is one to enforce
plaintiff's right under the original judgment and that Section
53 of the New York Practice Act has no application. It contends
that if either section is applicable it is Section 44.

We must first determine whether or not plaintiff's action is
based upon the judgment. We think it is. If it had been against
the original defendant in the New York Judgment, there would
have been no question but that the action was one based upon
the New York judgment. The fact that subsequent to the entry
of the judgment, the New Jersey corporation, which was the
defendant in the New York action, became merged with the
Delaware corporation, the defendant in this suit, does not under
the facts of this case change the situation in the least. Under the
merger agreement between the New Jersey and Delaware cor-
porations and under the applicable New Jersey and Delaware
statutes the Delaware corporation, as the consolidated corpora-

tion, at the time of the merger became responsible for all the debts and responsibilities of the New Jersey corporation in the same manner and to the same extent as the New Jersey corporation would have been liable therefor.

In the merger agreement between the New Jersey corporation and the Delaware corporation, it is provided:

"* * * all debts, liabilities and duties of the party of the second part [New Jersey corporation] shall thenceforth attach to said party of the first part, the surviving corporation [Delaware corporation], and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by it."

With the exception of the substitution of the phrase "parties of the first part" and "parties of the second part" for "former corporations" and "consolidated corporations", the language in the agreement is word for word the same as Title 14 New Jersey Statutes Annotated, Section 12-5. Almost exactly the same language is used in the applicable Delaware statute found in Title 8, *Del. C.* § 259(a).

 One who after rendition of judgment has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession or purchase, is a privy. *First National Bank of Fleischmann's v. Creamery Package Mfg. Co., Sup.* 21 *N. Y. S.* 2d 976; *Behrens v. Skelly,* 3 *Cir.,* 173 *F.* 2d 715, 717; *In re Baker's Estate,* 189 *Misc.* 159, 69 *N. Y. S.* 2d 626, 628; *In re Hanson's Estate,* 126 *Cal. App.* 2d 71, 271 *P* 2d 563, 567; *Hook v. Hook & Ackerman, Inc., D. C. Pa.,* 106 *F. Supp.* 798, 804; *Tobin v. McClellan,* 225 *Ind.* 335, 73 *N. E.* 2d 679, 75 *N. E.* 2d 149; *Kirby Lumber Corp. v. Southern Lumber Co.,* 145 *Tex.* 151, 196 *S. W.* 2d 387, 388, 169 *A. L. R.* 174; *Hudson Transit Corp. v. Antonucci,* 137 *N. J. L.* 704, 61 *A.* 2d 180, 4 *A. L. R.* 2d 1374; *Restatement of the Law, Judgments,* § 89.

In the case of *In re Murray's Estate,* 157 *Misc.* 549, 283 *N. Y. S.* 975, an action on a judgment was instituted shortly

prior to the twenty year period against the administrator of the estate of the defendant in the judgment. The court said that the effect of the success of this action would be to continue the lien created by the docketing of the judgment and to overcome the statutory presumptions of payment. Although the question was not directly raised, it was necessary for the court in making such a finding against the administrator of the original debtor to consider the administrator as a privy to the defendant. The same is true of the case of *In re Marino's Estate*, 206 *Misc.* 601, 133 *N. Y. S.* 2d 767. In fact, the plaintiffs in one of the suits in this estate were the executors of the original plaintiff. The statutes of the states of New Jersey and Delaware, in specifically providing that the debts and liabilities of a constituent corporation upon its merger with a consolidated corporation should attach to the consolidated corporation and be enforced against it to the same extent as if they had been incurred or contracted by it made the Delaware corporation privy to the New Jersey corporation and therefore liable upon the judgment in the same manner and to the same extent as the New Jersey corporation.

The only case offered by defendant in support of its contention—which it concedes is not directly in point—is the case of *Hofferberth v. Nash*, 191 *N. Y.* 446, 84 *N. E.* 400, 401. In that case plaintiff had originally sued joint debtors. Since service could be obtained against only one joint debtor, plaintiff secured judgment against him alone. Some eighteen years after this judgment was rendered, plaintiff sought to impose liability upon the other joint debtor. The action was based upon a statutory provision permitting a creditor to institute action against an original party who had not been served. The court, saying that the action was not based upon the judgment but to establish defendant's liability on the joint obligation, ruled that Section 53 of the New York Civil Practice Act was applicable as opposed to Section 44.

We think that the *Hofferberth* case is a far-fetched and strained analogy to the case presented here and that the reasoning of the court in that case has no application to the facts in the case before us. The remedy in that case was not an action on

the original judgment but a special proceeding provided for by statute. As stated in the opinion itself, "the object of the action is not to enforce the plaintiff's rights under the original judgment, but solely to establish the defendant's liability on the original joint obligation 'which was not determined by the original judgment, and of which it was no evidence'." In the case before this court, the Delaware corporation is a privy to the New Jersey corporation, the judgment debtor in the original judgment, and bound by the decision of the New York court to the same extent and in the same manner as the original judgment debtor.

■ Section 44 of the New York Civil Practice Act relates specifically to judgments. Since we have held that this action is an action based on a New York judgment, it is clear that this section of the New York Civil Practice Act is the one applicable in this case.

The second question presented is whether the action in Delaware is such an action that will remove the bar of Section 44 of the New York Civil Practice Act. The last sentence of that section refers to the commencement of an "action", or the taking of a "proceeding". Of course, the filing of the suit in Delaware was a commencement of an action on the judgment, but defendant contends that under the New York decisions the *only* kind of action that will be effective under Section 44 to rebut the presumption of payment is a particular kind of action begun under Section 484 of the New York Civil Practice Act, between the original parties to the judgment. Section 484 provides:

"Except in a case where it is otherwise specially prescribed in this act, an action upon a judgment for a sum of money, rendered in a court of record of the state, cannot be maintained between the original parties to the judgment, unless, either

"1. Ten years have elapsed since the docketing of such judgment, or,

"2. It was rendered against the defendant by default for want of an appearance or pleading and the summons was served upon him otherwise than personally; or

"3. The court in which the action is brought has previously made an order granting leave to bring it. Notice of the application for such an order must be given to the adverse party, or the person proposed to be made the adverse party, personally, unless it satisfactorily appears to the court that personal notice cannot be given with due diligence, in which case notice may be given in such a manner as the court directs."

This section, it is said, refers only to actions between the original parties to the judgment. Since the Delaware action is against a successor in interest, it is not an "action" within the meaning of Section 44, and did not toll the New York statute. Therefore, it is contended the New York judgment was extinguished one day after the action was brought.

The New York decisions do not support any such narrow construction of Section 44. The "action" or "proceeding" therein referred to does not have to be one under Section 484. If it be assumed that Section 484 contemplates only an action or proceeding between the original parties, it does not follow that the judgment creditor cannot bring *any* action against another party liable on the judgment. Such a result would be highly unreasonable.

Defendant relies upon the decision of the Surrogate Court in *In re Murray's Estate*, 157 *Misc.* 549, 283 *N. Y. S.* 975. In that case a judgment creditor commenced an action upon its judgment against the *administratrix* of the judgment debtor for the purpose of rebutting a presumption of payment. The Surrogate in his opinion cited as one of the steps that a plaintiff might take to preserve his judgment the institution of an action under the provisions of Section 484. The action in that case was apparently one to preserve or revive a judgment. No suit had been started in the Surrogate's Court or elsewhere to collect the judgment. The case is not in point.

Construing a prior statute similar to Section 484, in the case of *McGrath v. Maxwell*, 17 *App. Div.* 246, 45 *N. Y. S.* 587, the court said:

"The section does not apply where the judgment has been assigned. (Citations.) The plaintiff, upon the facts stated, had a right to take the assignment, and enforce the judgment against the present defendant. (Citation.) It was not necessary for the plaintiff to obtain leave to sue."

To the same effect are the cases of *Knapp v. Valentine, Cir. Ct.,* 33 *N. Y. S.* 712; *Hedges v. Conger,* 45 *Hun* 590; *Tufts v. Braisted,* 11 *N. Y. Super Ct.* 607, 1 *Abb. Pr.* 83.

Was the action on the New York judgment instituted in this state sufficient to rebut the conclusive presumtion of payment as provided under Section 44 of the New York Civil Practice Act?

We think that the Delaware suit was an "action" within the meaning of Section 44 of the New York Practice Act. Certainly, it is a "proceeding", and both words appear in the statute. We think that the words in the statute were intended to encompass any proceeding under which a plaintiff might properly proceed to enforce his rights. *In re B. Linder & Bro.,* 147 *Misc.* 51, 262 *N. Y. S.* 821; *Seaman v. Bowers,* 2 *Cir.,* 297 *F.* 371. There is nothing in the statute to limit this natural and reasonable interpretation.

At least we can not assume that the legislature of the state of New York intended to provide that an action in the state of New York against a Delaware corporation not registered in that state—and where presumably service could not be obtained—should rebut the presumption of payment but did not intend that an action instituted outside the limits of that state, where, as here, the defendant is resident and where personal service might be obtained, should have like effect. We think that the action in this state, instituted prior to the expiration of the twenty year period, sufficiently rebutted the presumption of payment under Section 44 of the New York Civil Practice Act.

■■■ A further point should be noted. Even if we assume that the action in this state did not rebut the presumption of payment under Section 44 of the New York Civil Practice Act, it is doubtful that the action in this state would fail. At the time suit in this state was instituted, the New York judgment was in all respects a valid judgment in that state. Under Article 4, Section 1 of the Federal Constitution, a judgment of another state properly authenticated shall be given full faith and credit in this state to the same extent as given in the state in which it was entered. *Lutz v. Roberts Cotton Oil Co.*, 3 *Boyce* 227, 82 *A.* 601; 31 *Am. Jur.* (*Judgments*) Sec. 532, p. 140. In Delaware there is no statute of limitations as to judgments or actions on judgments. There is only the rebuttable common law presumption of payment after twenty years. While the courts of this state at the time of the institution of suit are bound by the built-in statute of limitations provided in Section 44 of the New York Civil Practice Act (See *Pack v. Beech Aircraft Corp., Del.*, 132 *A.* 2d 54) after suit has been instituted within the time provided for by Section 44, the progress of the action in this state was governed by the law of the forum. It would therefore seem that the extinguishment of the New York judgment—assuming that it was extinguished—would have no effect on the judgment obtained in this state. However, since we have held that the institution of the action in this state rebutted any presumption of payment which might arise under Section 44, it is not necessary to decide this point.

■■ Defendant says that plaintiff could have instituted suit against the New Jersey corporation. Perhaps it could. It is true that Title 14 of the New Jersey statutes annotated, Section 12-5, provides that all rights of creditors shall be preserved and that former corporations may be deemed to continue in existence in order to preserve the same. But plaintiff could also institute suit against the Delaware corporation; the agreement of merger between the corporations and the statutes of both New Jersey and Delaware so provide. The constituent corporation had no assets from which the judgment could be paid. Plaintiff

exercised its right to institute suit against the corporation to whom the assets of the New Jersey corporation had been transferred. It had a perfect right to do so.

The judgment of the Superior Court is affirmed.